**Gary Clifford DELP**

v.

**D. W. HARRIS, James Gary and Brownie Walker.**

**Civ. No. 3–80–446.**

United States District Court, E. D. Tennessee, N. D.

Oct. 31, 1980.

Gary Clifford Delp, pro se.

Robert L. Jolley, Jr., Nashville, Tenn., for defendants.

### MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action under 42 U.S.C. § 1983 wherein plaintiff seeks a declaratory judgment and monetary damages because he was transferred from the Knoxville Community Service Center (a work release center) to Brushy Mountain Penitentiary without a meaningful hearing. The defendants are the warden and two guards at the Knoxville Community Service Center. The defendants have moved to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

In *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), the United States Supreme Court held that the Constitution does not require a factfinding hearing in connection with transfers of an inmate from one institution to another within the state prison system where state law does not condition the authority to transfer on the occurrence of specific acts of misconduct or other events. The applicable Tennessee statute provides that "orders for work release programs may be rescinded or modified at any time with or without notice to concerned inmates." Tenn.Code Ann. § 41–1810. Therefore, state law does not condition the authority to transfer an inmate from a work release center to a penitentiary on the occurrence of some misconduct or other event. In this regard the Supreme Court has further stated that "[t]he [Due Process] Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive." *Montayne v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). It is thus clear that plaintiff had no constitutional right to a hearing in this case.

In his complaint, plaintiff states that the hearing he received did not comport with the procedural regulations of the Tennessee Department of Correction. However, "procedural rules created by state administrative bodies cannot, of themselves, serve, as a basis for a separate protected liberty interest." *Bills v. Henderson*, 631 F.2d 1287 (6th Cir., 1980). Therefore, even if such procedural regulations were not followed, plaintiff has not stated a constitutional violation.

Because plaintiff has not stated a constitutional violation, he has not stated a claim under 42 U.S.C. § 1983. Accordingly, it is ORDERED that defendant's motion to dismiss for failure to state a claim upon which relief can be granted be, and the same hereby is, granted. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order accordingly.