**4**

Charles LYONS, Plaintiff,

v.

George PAPANTONIOU, et al., Defendants.

No. CIV-2-81-263.

United States District Court,
E.D. Tennessee,
Northeastern Division.

March 10, 1982.

On Motion Re Remaining Defendant
April 7, 1982.

Charles Lyons, pro se.

R.O. Smith, Erwin, Tenn., Bob McD. Green, Johnson City, Tenn., and Robert Stromberg, Erwin, Tenn., for defendants.

### MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

This is a *pro se* civil rights action brought under the provisions of 42 U.S.C. § 1983. 28 U.S.C. § 1343(a)(3), (4). The plaintiff Mr. Lyons claims that the defendant Mr. Osborne, the sheriff of Unicoi County, Tennessee, deprived him of his federal constitutional rights by transferring him from the Unicoi County, Tennessee jail to the Carter County, Tennessee jail.[1] Such claim is not cognizable under § 1983, *supra.*

The threshold question in every civil-rights action is whether the plaintiff has alleged facts, which if accepted as true, would amount to the deprivation of some right secured him by the Constitution of the United States. *See Martinez v. California* (1980), 444 U.S. 277, 284, 100 S.Ct. 553, 558–59, 62 L.Ed.2d 481, 488–499[9]. The Constitution did not secure to Mr. Lyons the right to be confined in any particular jail, and the decision to transfer him to the Carter County jail is not subject to review by this Court even though the conditions surrounding his confinement in such latter

---

1. As to his claim against the defendant Mr. Papantoniou, Mr. Lyons appears to complain about the conditions of his confinement at the Carter County jail following his transfer thereto.

facility may have been quite different from those existing in the former facility. *Meachum v. Fano* (1976), 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451, 459[4–6], rehearing denied (1976), 429 U.S. 873, 97 S.Ct. 191, 50 L.Ed.2d 155.

The motion of the defendant Mr. Osborne for a dismissal of this action for the failure of the plaintiff to state a claim against him upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, hereby is

GRANTED and, as to such defendant, this action hereby is DISMISSED for such reason.[2]

### ON MOTION RE REMAINING DEFENDANT

As to the remaining defendant, *see* memorandum opinion and orders herein of March 10, 1982, the plaintiff Mr. Lyons contends that he was deprived of his right to be free from cruel and unusual punishment, Constitution, Eighth Amendment, during his incarceration at the former Carter County, Tennessee jail.[1] Mr. Lyons alleges the lack of (1) a bed, (2) sanitary drinking-water, (3) adequate bathroom facilities and (4) cigarettes. He alleges in his complaint that he was required to endure these conditions from March 13 or 14, until his release on March 23, 1981.

The uncontroverted affidavit of the remaining defendant, and the exhibits attached thereto, reflect that, contrary to his own assertions (in his complaint),[2] Mr. Lyons resided in the aforementioned jail for a period of 24 hours, 24 minutes and, that upon his transfer to such facility, he was issued a foam-rubber mattress and provided with a plastic container of clean drinking-water. The Court is of the opinion that the lack of adequate bathroom facilities and cigarettes for this brief period, even if proven preponderantly, was not sufficient to have subjected Mr. Lyons to constitute cruel and unusual punishment within the meaning of the Constitutional prohibition against such.

" * * * Today the Eighth Amendment prohibits punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain' * * *." *Rhodes v. Chapman* (1981), 452 U.S. 337, 346, 101 S.Ct. 2392, 2398, 69 L.Ed.2d 59, 68[4]. Although being without adequate bathroom facilities and cigarettes during such a comparatively brief period may have made Mr. Lyons uncomfortable, the Court is unable to say that such constituted " * * * serious deprivations of basic human needs * * * [or of] the minimal civilized measure of life's necessities. * * * " *Ibid.,* 452 U.S. at 347, 101 S.Ct. at 2399, 69 L.Ed.2d at 69. " * * * To the extent that such conditions [were] restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Ibid.,* 452 U.S. at 347, 101 S.Ct. at 2399, 69 L.Ed.2d at 69[9].

There being no genuine issue of material fact extant between the plaintiff and the remaining defendant Mr. Papantoniou, and the latter being entitled to a judgment as a matter of law, his motion for summary judgment hereby is

GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter that the plaintiff take nothing from such defendant.

---

**2.** The Court excluded from its consideration of the current motion and the affidavit submitted in support thereof. Accordingly, the Court does not treat the motion as one for summary judgment. *See* Rule 12(b), Federal Rules of Civil Procedure.

**1.** According to the affidavit herein of the remaining defendant, this facility was closed permanently in November, 1981, and prisoners are now housed in a new jail.

**2.** " * * * [W]here the movant brings forward and supports his motion for summary judgment, his opponent may not rest merely upon his pleadings but rather must come forward to show genuine issues of fact. Mere conclusory and unsupported allegations, rooted in speculation, do not meet that burden. * * * " *Bryant v. Commonwealth of Kentucky,* C.A. 6th (1974), 490 F.2d 1273, 1275[5].