785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DONALD R. TURNER, Plaintiff-Appellant
v.
TOMMY MILLS, NEIL RONE, BILLY McWHERTER, RONNIE LANE, GLEN
ROGERS, AND JOHN YORK, Defendants-Appellees.
 84-5909
 United States Court of Appeals, Sixth Circuit.
 1/14/86
 
 ORDER
 BEFORE: MERRITT and WELLFORD Circuit Judges; and EDWARDS, Senior circuit Judge.
 
 
 1
 The plaintiff appeals the order dismissing his pro se prisoner's civil rights action as frivolous under 28 U.S.C. Sec. 1915(d). The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the plaintiff's appellate brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a Tennessee inmate serving a 20-25 year sentence at Lake County Regional Prison (LCRP). In an effort to be moved closer to his hometown, he requested a transfer to a work-release center in Chattanooga. Following a hearing attended by the plaintiff, the LCRP Classification Board approved the requested transfer as did the LCRP Warden. Upon review, however, the Classification Office of the Tennessee Department of Corrections denied approval, apparently without giving reasons for that action.
 
 
 3
 This pro se action followed. In his complaint, the plaintiff asserted the above proceedings denied him due process of law in that the Classification Office denied approval of the recommended transfer without a hearing and without stating reasons for its decision. The district court, finding no liberty or property interests to which due process protections could apply, sua sponte dismissed the action as frivolous under Sec. 1915(d).
 
 
 4
 A district court may dismiss a pro se prisoner's civil rights action under Sec. 1915(d) 'if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.' Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983). Upon examination of the plaintiff's complaint, we conclude the district court did not err in finding the plaintiff's action met that criterion.
 
 
 5
 The plaintiff recognizes, as he must, the established line of cases holding a prisoner has no constitutionally protected right to any particular classification or placement in any particular prison within a state penal system absent particularized standards or criteria overning the decision of state prison officials in such matters. See Meachum v. Fano, 427 U.S. 215 (1976); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Lyons v. Papantoniou, 558 F.Supp. 4 (E.D. Tenn.), aff'd, 705 F.2d 455 (6th Cir. 1982). Cf. Olim v. Wakinekona, 461 U.S. 238 (1983); Hewitt v. Helms, 459 U.S. 460 (1983). He appears, however, to perceive some limit upon the discretion of state officials embedded in regulations pertaining to work release programs.
 
 
 6
 We have reviewed the regulations attached to the plaintiff's complaint and fail to find any limitations upon the discretion of prison officials in such matters. The same is true with Tennessee statutes pertaining to the placement and classification of prisoners. See, e.g., Delp v. Harris, 503 F.Supp. 101 (E.D. Tenn. 1980), aff'd, 698 F.2d 1218 (6th Cir. 1982); Grubbs v. Bradley, 552 F.Supp. 1052, 1125 (M.D. Tenn. 1982).
 
 
 7
 It is ORDERED that the district court's order of dismissal entered September 24, 1984, be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.