## Munday v. Gott, et al.

(Decided January 11, 1912.)

Appeal from Madison Circuit Court.

1. Checks—Sending to Bank Without Endorsement—Liability.—A person who sends a check to a bank for collection without endorsing his name on the back of it, is not liable for damages arising from the arrest of the drawer of the check because it was refused payment, and the endorsement of no funds was placed on it, when the fact is that it was not cashed because. it had not been endorsed.

2. Malicious Prosecution—Action for—Probable Cause.—To maintain an action for malicious prosecution, the prosecution must have been instituted maliciously and without probable cause.

3. Judgment—Dismissal as to All Resident Defendants.—No judgment can be rendered against the defendant served in another county when the action is dismissed as to all resident defendants.

JOHN C. CHENAULT for appellant.

A. R. BURNAM & SON for appellee Gott.

J. A. SULLIVAN and S. M. WALLACE for appellee National Bank

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Tobe Munday brought this suit in the Madison Circuit Court against A. L. Gott and Creed Gott and the Phoenix National Bank of Lexington, Kentucky. A. L. Gott and Creed Gott filed a general demurrer to the petition which was sustained and the plaintiff declining to plead further, the action was dismissed as to them. The bank filed a demurrer to the jurisdiction of the court over it, which was sustained, and the action having been dismissed, the plaintiff appeals.

The facts stated in the petition are these: A. L. Gott and Creed Gott are merchants doing business in Richmond, Kentucky, under the firm name of Gott Brothers. Munday owed them $18.70, and in payment gave them his check for that amount on the Fayette National Bank of Lexington, Kentucky. They deposited the check with the State Bank and Trust Company of Richmond, Kentucky, for collection, but negligently failed to endorse it by writing their firm name on the back of it. The trust company sent the check in this condition to the Phoenix National Bank of Lexington, Kentucky, to collect, That

bank presented it to the Fayette National Bank, and was notified that the check had not been endorsed by Gott Brothers, and for that reason could not be paid. The Phoenix National Bank through negligence wrote on the face of the check "no funds," and thus returned it to the trust company. By reason of this negligence Munday was indicted by the grand jury of Madison County charged with obtaining money under false pretenses. He was arrested and lodged in jail, but after some days gave bond. He employed counsel to defend him, and at the October term, 1910, of the Madison Circuit Court, the case was dismissed on motion of the Commonwealth Attorney upon his learning the true facts of the matter.

It is not alleged in the petition that the Gotts procured the grand jury to indict Munday, or were in any way instrumental in bringing about that prosecution. An action for malicious prosecution can only be maintained upon allegation and proof that the prosecution was instituted maliciously and without probable cause. The negligence of the Gotts in failing to endorse the check was not the proximate cause of the indictment of Munday by the grand jury. It follows, therefore, that the petition stated no cause of action against the Gotts, and that the circuit court properly sustained their demurrer to it.

Section 80 of the Civil Code among other things, provides:

"In an action brought pursuant to section 78, against several defendants, no judgment shall be rendered against any of them, upon the service of a summons out of the county in which the action is brought, if no one of them be summoned in that county, nor resided therein when the action was commenced; nor if the action be discontinued or dismissed as to the defendant who resided, or was summoned, in that county; nor if judgment be rendered in his favor unless a defendant summoned out of that county make defense without objecting to the jurisdiction of the court."

The Gotts, who resided in Madison County, were the only defendants to the action except the Phoenix National Bank. When their demurrer to the petition was sustained and the action was dismissed as to them, the Phoenix National Bank was the only remaining defendant to the action. The residence of the bank was in Fayette County, and it had been served there. By the express mandate of the Code no judgment could be ren-

dered against the Phoenix National Bank, when the action had been dismissed by the court as to all defendants who resided in the county. The court properly sustained its special demurrer to the petition, which showed all the facts. This conclusion makes it unnecessary for us to consider any other questions suggested on the appeal.

Judgment affirmed.