## Wahle v. Roberts' Administrator et al.

(Decided Dec. 13, 1935.)

B. J. BETHURUM and E. T. WESLEY for appellant.

H. C. KENNEDY and H. H. DENTON for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This action was filed by the administrator of G. A. C. Roberts, deceased, against Dr. A. J. Wahle, to recover $750 alleged to have been wrongfully appropriated by the defendant from the estate of the decedent. Decedent, prior to his death, was the owner of a tract of land in Pulaski county. He gave an option to the State Highway Commission, covering about two acres of this tract, for use in the construction of a highway. Some questions existed in regard to his title to the property, particularly a tax deed to Dr. Wahle, and the Highway Commission, in exercising its option, sent a check for $750 to an attorney in the county, with instructions to deliver it to Mr. Roberts after the title had been cleared and a proper conveyance made. Mr. Roberts died before the check was delivered. Following his death, Dr. Wahle joined with the widow of the decedent and two of her daughters (represented as his only heirs) in a deed to the State Highway Commission of the two acres under option from the decedent. Thereafter Dr. Wahle paid off a mortgage of $251.50 outstanding against the property. Following this, the attorney who held the check for $750 delivered it to the widow of decedent in Dr. Wahle's office. She indorsed the check in blank, as administratrix of her deceased husband, although the evidence indicates that she was never appointed to this office and that no administration was granted on the estate of G. A. C. Roberts until the plaintiff in this action qualified. She delivered the check to Dr. Wahle. He was not permitted to testify, but his office girl, who was present at the time, says that he gave the widow $200 in cash and

a check for $213.50, which, together with the $251.50 paid on the mortgage and $85 previously advanced to the widow, made up the full amount of $750. Dr. Wahle indorsed the check and deposited it to his credit in bank, and the check was paid in due course. It will be observed that this is not an action on the check or on Dr. Wahle's indorsement thereof, but is simply to recover for the alleged wrongful conversion of the check and its proceeds. The widow of Mr. Roberts died before the filing of this action, and it is agreed that the estate of Mr. Roberts consisted of no personalty other than the possible claim to the proceeds of this check.

The case was transferred to equity on motion of the plaintiff and tried by the court without a jury. The trial court gave credit to Dr. Wahle for the $251.-50 paid on the mortgage, but rendered judgment against him for the balance of the amount claimed.

There was no proof whatever on which the trial court could base a conclusion that Dr. Wahle had not paid value for the check. In fact, the court allowed him credit thereon of $251.50. The positive evidence indicates that he paid full value for it. There was nothing to show that he did not believe that the widow was the duly appointed administratrix. Merely cashing a check in good faith for the widow was certainly not a conversion of any asset of the decedent's estate. If there was any conversion, it was by the widow, and not by the appellant. If appellee has a cause of action, it is against the widow or her administrator, and not against the appellant.

It is argued that there was evidence on which the court could fairly conclude that Dr. Wahle had overreached the widow in the matter. Conceding arguendo that there was such evidence, the matter is no concern of the appellee here. In the first place, such a cause of action would be in the widow or her administrator, and not in appellee; and in the second place, even if appellee could show a collusive attempt to mulct the estate and should bring an action against both the widow and the appellant, the $750 sued for was no more than the widow's exemption under section 1403 of the Kentucky Statutes. Mallory's Adm'r v. Mallory's Adm'r, 92 Ky. 316, 17 S. W. 737, 13 Ky. Law Rep. 579.

The appeal is granted, and the judgment reversed.