Ruth B. BRYANT, Plaintiff-Appellant,

v.

COMMONWEALTH OF KENTUCKY et al., Defendants-Appellees.

No. 73-1452.

United States Court of Appeals, Sixth Circuit.

Feb. 4, 1974.

William H. Allison, Jr., Louisville, Ky., for plaintiff-appellant.

Frank A. Logan, Asst. Director, Dept. of Law, Frank E. Haddad, Jr., Louisville, Ky., on brief for defendants-appellees; Joseph G. Glass, Louisville, Ky., of counsel.

Before WEICK, PECK and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from an order granting summary judgment against the plaintiff-appellant who brought a civil rights action under 42 U.S.C. §§ 1983 and 1985(3) for malicious prosecution.

Appellant, together with five other individuals, was indicted by a Jefferson County (Kentucky) grand jury in October of 1968 for conspiring to destroy certain private property. Trial began in June of 1970 and at the close of the prosecution's case, the trial judge directed a judgment of acquittal as to all defendants. In July of 1971 appellant filed this civil rights action against the Mayor of Louisville, Kentucky, and certain police officers who were witnesses before that grand jury. She charged that there was a conspiracy by these named individuals to cause that indictment to be returned against her through their false testimony because she was a local civil rights and open housing advocate. Following submission on the memoranda and oral arguments on the appellees' motion for summary judgment and upon consideration of the deposition of the parties, the District Court granted the motion and dismissed the suit as to all defendants. This appeal followed.

We affirm. Under the law of Kentucky, a witness before a grand jury who provides false testimony is liable for a criminal action in perjury, but not for any civil action such as malicious prosecution since testimony in a judicial proceeding is privileged as a matter of public policy. McClarty v. Bickel, 155 Ky. 254, 159 S.W. 783 (1913). In addition, the thrust of an action in malicious prosecution goes to the initiation or encouragement of the prosecution. Munday v. Gott, 146 Ky. 177, 142 S.W. 238 (1912). It would follow that evidence of the fact that a defendant testified as a witness would be admissible, together with evidence of other acts and circumstances, to show that a defendant initiated or encouraged the prosecution. In this regard however the record includes only bare allegations that any of the appellees were responsible for the initiation or encouragement of the prosecution. As a matter of fact, appellant clearly stated in her deposition that her complaint rests almost entirely on newspaper stories and the allegations in the indictment. She also stated that she did not know of any conversation or communication between the appellees regarding her charges against them, but relies on the fact that their names appeared on the indictment as witnesses before the grand jury. There is no record of the appellees' testimony before the grand jury and there is no record as to any individual witnesses' testimony before the grand jury.

Rule 56, Fed.R.Civ.P., is clearly intended to be used to pierce the allegations of the pleadings and allow the trial court to dispose of the case in

advance of the hearing on the merits when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact. See, Advisory Committee Note of 1963 to Subdivision (e). The objective is to separate the sham and insubstantial from the real and genuine issues of fact. Accordingly, where the movant brings forward and supports his motion for summary judgment, his opponent may not rest merely upon his pleadings but rather must come forward to show genuine issues of fact. Mere conclusory and unsupported allegations, rooted in speculation, do not meet that burden.

The judgment of the District Court is affirmed.