**Damon FARRIS, Plaintiff,**

**Ralph L. Barnes, Sebert Barnes, Intervening Plaintiffs,**

**v.**

**SEARS, ROEBUCK & COMPANY and Globe Union, Inc., et al., Defendants.**

Nos. C 75–0404–L(B), C 75–0430–L(B).

United States District Court, W. D. Kentucky, Louisville Division.

June 20, 1978.

Thomas M. Crawford, Daniel T. Albers, Louisville, Ky., for Damon Farris.

Daniel B. Boone, Louisville, Ky., for Ralph and Sebert Barnes.

Robert C. Hobson, Louisville, Ky., for Sears.

O. Grant Bruton, Matthew R. Westfall, Louisville, Ky., for Globe Union.

Albert Jones, U. S. Atty., Barry L. Master, Asst. U. S. Atty., Louisville, Ky. for the United States.

## MEMORANDUM OPINION

BALLANTINE, District Judge.

This matter is before the Court on motions to dismiss or, in the alternative, motions for summary judgment filed by defendants, Sears, Roebuck & Company, Globe Union, Inc., and the United States of America.

This civil action arose out of the transportation and subsequent sale of allegedly stolen batteries, in violation of Title 18, U.S. Code, Sections 2 and 2314. The original complaint alleged that Sears and Globe Union negligently or maliciously, or both negligently and maliciously, aided in the prosecution of plaintiff, Damon Farris. Intervening plaintiffs, Ralph and Sebert Barnes, were arrested with Farris pursuant to complaints lodged on November 11, 1973, by the U.S. Attorney for the Middle District of Florida. The charges were subsequently dropped on November 26, 1974.

Plaintiffs claim to have been operating a legitimate business whereby they purchased scrap or salvage batteries in Louisville, Kentucky, cleaned the battery shells and reserviced them. The batteries were then sold as rejects or seconds in Florida. Plaintiffs' contend that reasonable investigation by any of the defendants would have revealed the legitimate nature of plaintiffs' business, and that none of the batteries transported in interstate commerce were stolen.

The criminal complaint was lodged by Charles P. Warren, Special Agent of the Federal Bureau of Investigation (FBI). Warren swore that the complaint was based on "the personal knowledge, participation and observation of the complainant herein, information of other [FBI] agents, information of Paul Brennen, Secretary, and Paul Hansen, Treasurer, Globe Union, Inc. . ."
The FBI investigation was detailed in the complaint filed by Special Agent Warren:

"Between September 25, 1973, to date of this complaint, personal investigation by the Complainant and other Agents of the Federal Bureau of Investigation in Jacksonville and Tampa, Florida and Louisville, Kentucky, has revealed that certain merchandise, to wit, motor vehicle batteries, manufactured by the Globe-Union Incorporated Company have been stolen or illegally obtained in large quantities from the Globe-Union, Inc., plant in Louisville, Kentucky and moved interstate from Kentucky to Daytona Beach, Florida for the purpose of selling same. The value of the aforesaid items is in excess of $5,000.

Investigation reveals the types of batteries involved are Sears, Roebuck & Co. Die Hard, Hi Voltage and Marine batteries, Motorcraft batteries, Sun Oil Co. batteries, Shell Oil Co. batteries and Interstate batteries, manufactured in Louisville, Kentucky by Globe-Union, Inc.

Investigation reveals Ralph Louis Barnes, Sebert "Dick" Barnes and Damon "Bud" Farris have illegally obtained and moved and caused to be moved in interstate commerce the aforesaid described batteries manufactured in the Louisville, Kentucky plant of Globe-Union, Inc. to the State of Florida. Further that the Globe-Union, Inc. plant in Tampa, Florida is the supplier of these types of batteries for the Florida area. Ralph Louis Barnes, Sebert Barnes and Damon Farris have opened an establishment at 856 Mason Avenue, Daytona Beach, Florida, for the storage of said batteries and also for the sale of these batteries from Louisville, Kentucky. The establishment has been known as 1) P. B. Battery Distributors, 856 Mason Avenue, Daytona Beach, Florida and 2) Dick's Battery Distributor, 856 Mason Avenue, Daytona Beach, Florida.

Investigation has revealed these batteries are brought and caused to be brought into the State of Florida via White GMC "Step" Vans bearing Kentucky license plates by the Ralph Louis Barnes, Sebert Barnes and Damon Farris. These "Step" vans, once unloaded of batteries, are then sold in the Daytona Beach area.

Investigation has revealed Sebert "Dick" Barnes is the individual who operates the establishment at 856 Mason Avenue and that Damon Farris is a salesman and representative of the establishment at 856 Mason Avenue. Further that Damon Farris is the individual who takes 300 to 400 of these batteries to various localities in the state of Florida and sells them.

As of 5:30 P.M., November 21, 1973, investigation has revealed Ralph Louis Barnes to be in Louisville, Kentucky loading stolen batteries onto a white GMC "Step" Van bearing 1973 Kentucky license CA 8066. Investigation has revealed that this vehicle is en route to Daytona Beach, Florida being operated by Ralph Louis Barnes; in violation of Title 18, United States Code, Sections 2, 371 and 2314."

A U.S. Magistrate conducted a hearing in Orlando, Florida on November 30, 1973, at which plaintiffs were present and represented by defense counsel. Paul Hansen and Edward Turner were called to testify on behalf of Globe Union. Agents Warren and Don Richey of the FBI also testified. Defense counsel cross-examined these witnesses, and at the close of evidence defendants moved to dismiss for lack of probable cause. The Magistrate found that sufficient probable cause existed to hold all three of the defendants. After approximately one year of further investigation, the U.S. Attorney moved for dismissal of the case due to "insufficient evidence for successful prosecution." The motion was granted on November 26, 1974, by U.S. District Judge George C. Young.

The elements of a cause of action for malicious prosecution have been stated as follows:

1. A criminal proceeding instituted or continued by the defendant against the plaintiff.

2. Termination of the proceeding in favor of the accused.

3. Absence of probable cause for the proceeding.

4. "Malice", or a primary purpose other than that of bringing an offender to justice. W. Prosser, *Law of Torts* (4th Ed. 1971).

■ The defendants concede that the second element has been met by the dismissal of the criminal proceedings by Judge Young. Such a termination is required by Kentucky law. *Worley v. Columbia Gas of Kentucky, Inc.*, 491 F.2d 256, 261 (6th Cir. 1973), cert. denied, 417 U.S. 970, 94 S.Ct. 3174, 41 L.Ed.2d 1140 (1974). Only the government could possibly be held liable under the first element, since it initiated the criminal proceeding. The testimony of Globe Union officials will not serve to impose liability on it, since testimony in a judicial proceeding is privileged as a matter of public policy. *Bryant v. Commonwealth of Kentucky*, 490 F.2d 1273, 1274 (6th Cir. 1974); *McClarty v. Bickel*, 155 Ky. 254, 159 S.W. 783 (1913). The initiation or encouragement of the prosecution lies at the heart of an action in malicious prosecution. *Munday v. Gott*, 146 Ky. 177, 142 S.W. 238 (1912). The record indicates that neither Sears nor Globe Union initiated or encouraged the prosecution.

■ The defendants cannot be shown to meet the third or fourth elements set forth above. The absence of probable cause is an essential element in malicious prosecution suits. *Flynn v. Songer*, Ky., 399 S.W.2d 491 (1966). Public policy requires the exposure of crime, and the guilt or innocence of the accused Barnes brothers and Farris is not material on the question of probable cause. *Reid v. True*, Ky., 302 S.W.2d 846 (1957). There has been no clear showing that any of the defendants acted without probable cause as required in Kentucky. *Freeman v. Logan*, Ky., 475 S.W.2d 636 (1972). The fourth element, malice, may be inferred only from proof or want of probable cause. *Hendrie v. Perkins*, 240 Ky. 366, 42 S.W.2d 502 (1931). It is clear to the Court that "malice" was not shown to exist from the circumstances in evidence. *Smith v. Kidd*, Ky., 246 S.W.2d 155 (1951).

Accordingly, the motions for summary judgment filed on behalf of defendants,

Sears, Roebuck & Co., Globe Union, Inc. and the United States, should be granted.