**Louis L. HERM et al., Plaintiffs,**

v.

**Daniel W. STAFFORD et al., Defendants.**

No. 6651.

United States District Court, W. D. Kentucky, Louisville Division.

March 9, 1979.

Spencer E. Harper, Jr., William W. Davis, Louisville, Ky., J. Vernon Patrick, Jr., Birmingham, Ala., for plaintiffs.

James S. Welch, Winston E. Miller, Louisville, Ky., for defendant Pennington.

**440**

## MEMORANDUM

BALLANTINE, District Judge.

This matter is before the Court on motion of defendant, R. M. Pennington, for summary judgment pursuant to Rule 56, F.R. Civ.P. Defendant contends that he was never an officer or "controlling person" of Daniel Boone Fried Chicken, Inc. (DBFC), nor did he materially aid in the sale of any DBFC securities.

Pennington was named a defendant in the original complaint filed on June 23, 1970. Liability was premised upon his being an officer and "controlling person" of DBFC. Pennington's role was described by plaintiffs as vice-president in charge of food preparation and training. His name appeared in the September 11, 1968, prospectus and in the March, 1969, "Daniel Boone Musket", a DBFC shareholder publication. Plaintiffs allege that Pennington's name and talents thus promoted the securities fraud in that he failed to correct the false and misleading statements contained in those publications.

Plaintiffs rely on Kentucky Revised Statutes (KRS) 292.480(2) to establish liability as an officer. Defendant has admitted that he read the materials in which he was described as a vice-president. A person in possession of and acting as an officer of a corporation is presumed rightfully in office. 19 Am.Jur.2d, Corporations, Section 1081. However, in his uncontradicted affidavit, Pennington stated that he "never agreed to become an officer [of DBFC], no one ever requested [him] to assume such a position, and [he] was never at any time approached by anyone on the subject of becoming an officer." (Pennington Aff. p. 2.) He further stated that he never attended an officers' meeting, used the title of an officer, or maintained an office or desk at DBFC.

A mere employee of a corporation does not ordinarily occupy a position of trust. *W. H. Elliott & Sons Co. v. Gotthardt*, 305 F.2d 544 (1st Cir. 1962). It appears that from March, 1968, to November 2, 1969, Pennington supervised stores in Lexington, Kentucky. He denies any involvement in corporate policy matters, and likens his status to that of Morris Burns, also a "vice-president" formerly charged with being a "controlling person" under the Securities Acts. Burns, a structural engineer, was previously dismissed as a defendant in this case. His uncontradicted affidavit established that he had no connection with the allegations of securities fraud. Pennington likewise argues that his duties, training store managers and ordering food, in no way materially aided the sale of DBFC securities.

The Court finds that plaintiffs have not shown that there is any genuine issue of fact involved in this claim. Defendant has supported his contentions through an uncontradicted affidavit. Plaintiffs may not rest upon the pleadings but rather must come forward to show genuine issues of fact when defendant has brought forward and supported his motion for summary judgment. *Bryant v. Commonwealth of Kentucky*, 490 F.2d 1273, 1275 (6th Cir. 1974). Plaintiffs have not shown that there is any genuine issue of facts regarding Pennington's role at DBFC. A corporate officer is not liable for the illegal actions of others in the corporation merely by virtue of his position or office. He may become liable, however, if he knowingly participates in such actions. *Harlem River Cons. Co-op v. Associated Grocers*, 408 F.Supp. 1251 (S.D.N.Y.1976). Cf. *U. S. v. Wise*, 370 U.S. 405, 82 S.Ct. 1354, 8 L.Ed.2d 590 (1962). Pennington was not in a position knowingly to participate in any securities scheme, nor did he materially aid any sale of securities as required of officers by KRS 292.480(2). Likewise, by no stretch of the imagination was Pennington a "controlling person" as defined by the Securities Acts, 15 U.S.C. Sections 77o, 78t. Therefore, the defendant's motion for summary judgment must be granted.