Gerald David WHITAKER, et al., Plaintiffs,

v.

Bobby McCULLOUGH, etc., et al., Defendants.

Civ. No. 4–80–31.

United States District Court, E. D. Tennessee, Winchester Division.

Oct. 28, 1980.

---

Gerald David Whittaker, pro se.

John W. Rollins, Manchester, Tenn., William B. Hubbard and Sylvia Ford Brown, Nashville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Claiming that the defendants have violated their unspecified federal constitutional rights, the plaintiffs seek herein to recover compensatory and punitive damages.[1] They list numerous complaints about the conditions of their confinement at the Coffee County, Tennessee jail. Although it is not entirely clear from their complaint, it appears that the plaintiffs are seeking to assert herein a claim under the provisions of 42 U.S.C. § 1983;[2] this Court's jurisdiction of the subject-matter of such claim would exist under 28 U.S.C. § 1343.

" * * * The federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States. * * * " *Meachum v. Fano* (1976), 427 U.S. 215, 229, 96 S.Ct. 2532, 2540, 49 L.Ed.2d 451, 461[11]. Lawful incarceration brings about necessarily the withdrawal or limitation of many rights and privileges, a retraction justified by the considerations underlying our penal systems. *Pell v. Procunier* (1974), 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495, 501[1].

The federal courts will not intrude themselves in the administration of state jails except when a regulation or practice

" * * * offends a fundamental constitutional guarantee * * * ." *Procunier v. Martinez* (1974), 416 U.S. 396, 404–405, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224, 235–236[7, 8], [9]. Every legally cognizable injury which may have been inflicted by a state official does not establish a violation of one's federal constitutional rights; a plaintiff is required to point-to a specific constitutional guarantee safe-guarding the interest he or she claims has been invaded. *Paul v. Davis* (1976), 424 U.S. 693, 699–700, 96 S.Ct. 1155, 1159–1160, 47 L.Ed.2d 405, 412, 413.

The defendants moved for a summary judgment, supporting their motion with affidavits and other exhibits. Rule 56(b), (e), Federal Rules of Civil Procedure. " * * * [W]here the movant brings forward and supports his motion for summary judgment, his opponent may not rest merely upon his pleadings but rather must come forward to show genuine issues of fact. Mere conclusory and unsupported allegations, rooted in speculation, do not meet that burden. * * " *Bryant v. Commonwealth of Kentucky*, C.A. 6th (1974), 490 F.2d 1273, 1275[5]. The plaintiffs failed to come forward with their own evidentiary materials, electing to rest upon their pleadings. Thus, the factual matters stated in the affidavits submitted by the defendants stand uncontroverted. *R. E. Cruise, Incorporated v. Bruggeman*, C.A. 6th (1975), 508 F.2d 415, 416.

The uncontroverted affidavits of the defendants demonstrate that the regulations and practices of the Coffee County, Tennessee jail, of which the plaintiffs complain herein, have not offended any fundamental federal constitutional guarantee of any plaintiff. Accordingly, there are no genuine issues of material fact extant between the parties herein, and the defendants are entitled to a judgment as a matter of law.

1. With the assertion that the defendants " * * * should be ordered to begin making necessary physical changes in [the] jail house within 60 days and policy changes immediately * * * " the plaintiffs appear also to seek injunctive relief.

2. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of

any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

The motion of the defendants for a summary judgment hereby is GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter, that the plaintiffs hereby are DENIED all relief herein. Rule 58(1), Federal Rules of Civil Procedure.