779 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
THOMAS LEE SEYMOUR, individually and d/b/a Thomas Lee
Seymour's Fisherman's Wharf, and Alfreda T.
Seymour, jointly and severally,
Defendants-Appellants.
 84-1137
 United States Court of Appeals, Sixth Circuit.
 10/4/85
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and NEESE[1], Senior District Judge.
 PER CURIAM.
 
 
 1
 Defendants Thomas L. Seymour, individually and d/b/a Thomas L. Seymour's Fisherman's Wharf, and his wife Alfreda Seymour, appeal the summary judgment in favor of the Federal Deposit Insurance Corp. (FDIC) in this action predicated upon the Seymour's failure to fulfill their obligations pursuant to a $138,321.32 promissory note. The facts relevant to resolution of this dispute are as follows.
 
 
 2
 On April 26, 1974, Thomas Seymour, individually and d/b/a Seymour's Fisherman's Wharf, executed a promissory note in favor of the Tri-City Bank of Warren, Michigan. The note, with a face value of $138,321.32, represented the consolidation of three notes which the Seymours had previously given to the bank. Also on April 26, 1974, a second note for $40,000 was issued to the bank by Thomas Seymour individually and d/b/a Seymour Plumbing and Heating Company. Both notes were personally guaranteed by Thomas and Alfredo Seymour up to $100,000 pursuant to an agreement signed on February 15, 1973.[2]
 
 
 3
 On September 27, 1974, the FDIC was appointed receiver of the Tri-City Bank. Thereafter, the FDIC, pursuant to a court order, purchased certain assets from the bank, including the two promissory notes executed (and guaranteed up to $100,000) by the Seymours. Payments on both notes were made subsequent to the failure of Tri-City Bank, either directly by the Seymours or by assignments of monies due the Seymours from other sources.
 
 
 4
 The second note was eventually paid in full in July of 1981 when the Seymours endorsed and made payable to FDIC, as assignee of Tri-City Bank, a bank money order in the amount of $68,403.46. This money order, received by the Seymours from Surf North, Inc., represented a settlement of their interest in certain real estate sold under land contract. The money order was applied to the $40,000 note as a $11,910.02 interest payment, and $38,260.45 as the final principal payment. The balance of the $68,403 money order was applied to the $138,000 note. This resulted in an interest payment of $18,208.31 and $24.68 applied to principal.
 
 
 5
 On August 20, 1982, the FDIC filed a complaint wherein it charged that the Seymours 'have failed, neglected and refused to pay' the balance due on the $138,321 note, to wit, $96,071, plus the specified interest rate of 13% per annum due from December 24, 1979. Attached to the complaint and incorporated by reference therein were the note and guarantee executed by the Seymours. The Seymours' answer filed on September 20, 1982, denied the allegations in the complaint, averred that the 'Promissory note had been paid in full,' and asserted numerous affirmative defenses, including novation, usury, lack of consideration for the guarantee, coveture, statute of limitations and laches.
 
 
 6
 On July 21, 1983, the plaintiff filed a motion for summary judgment appending thereto the note and guarantee that had been filed with the complaint and various other deposition exhibits accounting for the various sources that had been applied to reduce the defendants' indebtedness and the remaining outstanding balance due on the notes.
 
 
 7
 On August 22, 1983, the plaintiff filed a supplemental memorandum to the court in the form of a chronological and complete schedule of dates and amounts of payments. This memorandum was also supported by several exhibits, produced in the course of discovery, which demonstrated the source and application of funds and the remaining balance due on the note. On September 23, 1983, the defendants filed a reply to plaintiff's supplemental memorandum which, in a conclusory fashion, averred that there were material issues of fact, but did not respond to the specific facts raised by the plaintiff's memorandum and exhibits.
 
 
 8
 On November 28, 1983, the court granted the plaintiff's motion for summary judgment finding an absence of any documentation or any other support for the Seymours' defense. However, the court deferred entry of judgment for 30 days to permit the defendants to clearly establish that genuine issues of material fact existed. On January 16, 1984, after the Seymours failed to respond with specific facts, the court entered an order granting summary judgment to the FDIC. The Seymours thereafter filed a timely appeal.
 
 
 9
 Defendants urged on appeal that the district court's summary disposition in this case was improper because of the material issues of fact raised in the respective pleadings presented below, primarily regarding the amount of payments actually received by the FDIC. In reviewing defendants' allegation, this court is mindful that it, like the court below, must construe the evidence most strongly in favor of the party opposing the motion, and may not endeavor to resolve factual issues. Rather, it must simply determine whether any material issues of fact exist necessitating a trial. Tee-Pak, Inc. v. St. Regis Paper Co., 491 F.2d 1193, 1195 (6th Cir. 1974).
 
 
 10
 Under Rule 56(c), the moving party always has the initial burden of showing the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. However, where, as here, the moving party supports his motion with an abundance of material documentation, the non-moving party must 'set forth specific facts showing there is a genuine issue for trial.' Fed.R.Civ.P. 56(e) (emphasis added). Felix v. Young, 536 F.2d 1126, 1134-35 (6th Cir. 1976). As this court noted in Bryant v. Kentucky, 490 F.2d 1273, 1275 (6th Cir. 1974), conclusory and unsupported allegations do not meet that burden.
 
 
 11
 The Seymours' main contention on appeal was that material issues of fact exist as to the exact amount paid, either directly by them or as the result of their various assignments, to the FDIC. A thorough review of the record before this court, however, failed to disclose any documentation provided by the Seymours, either by affidavit or otherwise, which contradicted the FDIC's record of payments and computations as to the amount due and owing, despite the generous time allowed by the district court for the Seymours to submit such evidence. Having failed to meet their burden, defendants cannot now complain that summary judgment was inappropriate.
 
 
 12
 This court has also scrutinized defendants other allegations of error and finds them to be without merit. In view of the foregoing, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Hon. C.G. Neese, Senior District Judge, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [2]
 The 'Guaranty of Direct Notes,' executed on the same date as the bank's acceptance of a $100,000 note from the Seymours, states that, 'for a valuable consideration, the receipt whereof is hereby acknowledged . . . the undersigned do guarantee . . . the prompt payment . . . of any and all notes of said Borrower, which may have been or may hereafter be made . . . and all renewals of extensions in whole or in part of said notes . . . [up to $100,000]'