**Wesley REED, Appellant,**

v.

**Roger ISAACS, Appellee.**

**No. 1999-CA-000095-MR.**

Court of Appeals of Kentucky.

Sept. 8, 2000.

Discretionary Review Denied
Oct. 17, 2001.

---

Jeffrey A. Darling, Darling & Reynolds, P.S.C., Edward M. Thompson, Lexington, Kentucky, for appellant.

David Russell Marshall, Nicholasville, Kentucky, for appellee.

Before: COMBS, HUDDLESTON and SCHRODER, Judges.

## OPINION

HUDDLESTON, Judge.

Roger Isaacs, a Kentucky State Police detective, investigated the murder of Linda Sue Spears. Isaacs presented his findings to the Jessamine County grand jury which handed up an indictment charging Wesley Reed and his two brothers with murder. Jessamine Circuit Court granted the Commonwealth's motion to dismiss the indictment. Reed then sued Isaacs seeking damages for abuse of process and malicious prosecution. The circuit court granted Isaacs's motion for summary judgment. Reed appeals.

Kentucky's highest court observed in *McClarty v. Bickel*[1] that:

Where a witness willfully and maliciously gives false testimony, he is liable to prosecution for perjury or false swearing. [However] [n]o civil action will lie against him, because it is a well-settled rule in practically all jurisdictions that

1. 155 Ky. 254, 159 S.W. 783 (1913).

2. *Id.* at 784. *See also Bryant v. Commonwealth*, 490 F.2d 1273, 1274 (6th Cir.1974) ("Under the law of Kentucky, a witness before a grand jury who provides false testimony is

the testimony of a witness given in the course of a judicial proceeding is privileged and will not support a cause of action against him.[2]

Reed states in his appellate brief that "[he] filed this action, alleging Abuse of Process and Malicious Prosecution, due to [Isaacs] lying before the Grand Jury in securing the indictment." Because Isaacs's testimony to the grand jury was privileged, Reed may not maintain a civil action against Isaacs for allegedly lying to the grand jury.

The judgment is affirmed.

ALL CONCUR.

liable for criminal action in perjury, but not for any civil action such as malicious prosecution since testimony in a judicial proceeding is privileged as a matter of public policy").