PER CURIAM.
The district court granted summary judgment against appellant Donald Tang-wall on all his claims; for the reasons outlined below, we affirm.
I
This case has its origins in a 1999 lawsuit brought by appellee Mark Ploe, individually and in his capacity as a shareholder of Goodrich Manufacturing Company, in Michigan state court against Tangwall, Tang-Tang Marketing (“Tang-Tang”), an alleged Michigan limited partnership, Goodrich, and several other entities. Attorneys Jablonski and Wecker, co-appellees in this case, represented Ploe. The complaint alleged that Tang-Tang and other organizations not relevant to this litigation “are created entities and trusts created by Defendant Tangwall to improperly utilize the assets belonging to Plaintiff.” The extensive list of claims included counts for conversion of assets (Count I), quantum meruit (Count II), and tortious interference with contractual relations (Count III). In addition to claims for money damages, Ploe sought an order appointing a receiver for Goodrich and injunctive relief regarding a motel in Vassar, Michigan.
Tangwall entered an appearance pro se, but none of the other entities that Tang-wall allegedly created for improper purposes, including Tang-Tang, entered an appearance. None filed any responsive pleading. Instead, on January 22, 2002, Tangwall, Mark Ploe, and his wife Linda, and the attorneys entered into an extremely broad Settlement Agreement and Gen *367 eral Release that purported to resolve not only the pending ease, but also any future claims that could again lead to litigation between the parties. The releases extended from “the beginning of time to the date of entry of a final order in all of the Bankruptcy Trustee’s proceedings[1] against any of the parties of this General Release,” a period that includes all of the events relevant to the action before us. Tangwall, “for himself and each of his predecessors, successors, heirs, assigns, executors, administrators, agents or any other representatives” released and forever discharged the Ploes and Attorneys Jablonski, ... and Wecker “from any and all claims, demands, rights, causes of action, judgments, executions, damages, liabilities, costs or expenses (including attorney fees or court costs) which Tangwall has or might have, which are known or unknown.” (emphasis added). The parties also agreed that “this Release is to be read as broadly as possible, so as to preclude any farther claims by Tangwall against the Ploes, Michael A. Jablonski, David A. Wecker, and Mark Jendrek.” (emphases added).
As a result of the agreement, the Michigan state court dismissed with prejudice Ploe’s suit against Tangwall and the others. Tangwall agreed to dismiss with prejudice the Ploes, Jablonski and Wecker from an adversary proceeding in Bankruptcy Court, the ultimate settlement of which included Tangwall’s release of all claims against Goodrich. Tangwall also agreed to dismiss with prejudice 1) his appeal in a case against the Ploes pending in the Tennessee Court of Appeals; 2) his contempt proceedings against the Ploes in the Bankruptcy Court; 3) to release the Ploes, Jablonski, Wecker and Jendrek “from all proceedings in Bankruptcy Court and in any and all other Courts.”
II
In spite of these comprehensive settlement agreements, Tangwall now argues that he is the assignee of a “chose of action” that Tang-Tang may properly bring against the appellees because it was not a party to either the January 22, 2002 or the subsequent bankruptcy settlement. Tangwall does not share with us the specifics of the “chose of action” he allegedly received from Tang-Tang. His complaint alleges malfeasance in connection with his removal from Goodrich and the appointment of a receiver, although the fact section and prayer for relief mention that the receiver cancelled a contract with Tang-Tang. As Tangwall is a pro se plaintiff, albeit a very experienced one, we will interpret his complaint as both challenging his dismissal from Goodrich and claiming rights as an assignee to a marketing contract between Tang-Tang and Goodrich that the latter allegedly cancelled on November 29,1999.
It is not clear from the record how Tang-Tang Marketing could have, ab initio, the right to pursue the current cause of action related to Tangwall’s removal from Goodrich, so we assume that Tang-wall himself assigned his claim to Tang-Tang in an attempt to shield it from both settlement agreements. We have serious doubts as to whether Tang-Tang Marketing exists as a separate entity from Tang-wall himself,[1] or that the alleged assign *368 ment of rights ever took place: the best evidence Tangwall could produce in the four months between filing his complaint and the grant of summary judgment to the defendants was his own unnotarized and undated affidavit attesting to the transfer. Bald assertions are insufficient to create a genuine issue of material fact. Fed. R.Civ.P. 56(e); Bryant v. Ky., 490 F.2d 1273, 1275 (6th Cir.1974) (holding that an opponent to a summary judgment motion “may not rest merely upon his pleadings but ... [must] show genuine issues of fact. Mere conclusory and unsupported allegations, rooted in speculation, do not meet that burden.”). Accordingly, we are not convinced that Tangwall created a genuine issue of material fact regarding his status as Tang-Tang Marketing’s assignee because he did not provide adequate evidence that Tang-Tang assigned him an ownership interest in a valid contract or employment claim against Goodrich. See 6 Am.Jur.2d Assignments § 113 (1999) (requiring clear and unequivocal indication of intent to transfer rights and description of the subject matter of the assignment). Therefore, it appears that the district court properly found that Tangwall had not presented a genuine issue of material fact.
111 ;
Assuming, arguendo, that Tang-wall’s own unsworn affidavit creates an interference of an assignment strong enough to overcome summary judgment, we still affirm the district court’s finding that Tangwall had waived his claims. Tangwall was acting as a representative of Tang-Tang, a named party defendant in Ploe’s action in the Michigan state court, but Tang-Tang failed to file any pleading in that action and was in default. The language of the January 2002 release, which was intended to be “read as broadly as possible,” includes claims that Tangwall “might have” in the future against the Ploes, Jablonski, and Wecker in whatever capacity Tangwall might assert them. It therefore bars Tangwall’s claims, in an assignee capacity or in any other capacity, against Mark Ploe, Michael Jablonski and David Wecker.
Although the remaining defendant, Goodrich, was not a party to the January 22, 2002 settlement, the complaint in the present case does not state a breach of contract claim against Goodrich because it is based upon the conduct of the company’s court-appointed receiver, Robert Looby, who cancelled the marketing contract between Goodrich and Tang-Tang. It is well established that a court-appointed receiver is not the representative or agent of the corporation, or of any party to the suit in which the receiver is appointed. The receiver is an officer of the court, an agent through whom the court acts. 16 William Meade Fletcher, Fletcher Cyclopedia Corporations § 7810 (1998). Because a corporation, while its property is in the hands of a receiver, has no control over the receiver, the corporation is not responsible for liabilities arising from negligence or willful torts of the receiver. 65 Am.Jur.2d, Receivers § 285 (2001). Tangwall therefore has no claim against Goodrich.
IV
The district court found that Tangwall either failed to establish a genuine issue of material fact to support his claims or that such claims were barred by the August 30, 2002 Order Approving Settlement in the Bankruptcy Court. The judgment of the district court can be affirmed if it is correct for any reason. United States Postal *369 Serv. v. National Ass’n of Letter Carriers, 380 F.3d 747, 750 (6th Cir.2003). Although we are inclined to agree that Tangwall failed to “set forth specific facts showing that there is a genuine issue for trial.” Fed.R.Civ.P. 56(e), we resolve this case by holding that Tangwall’s claims are barred by the January 22, 2002 Settlement and General Release and by the fact that Tangwall cannot state a valid cause of action against Goodrich based on the actions of its receiver. Therefore we AFFIRM district court’s judgment.

. Tangwall filed for bankruptcy in the Eastern District of Tennessee on February 11, 2000.

. The "Agreement and Certificate of Limited Partnership for Tang-Tang Marketing” lists Donald and Richard Tangwall as general partners in the preamble, although only Donald, the plaintiff in this case, is identified in Article I as a general partner. The only limited partner is a "Tecopa Trust,” which is only identified further by a post-office box address *368 that is the same as that of Tang-Tang Marketing itself.