*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0312P (6th Cir.)
File Name: 04a0312p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

DONALD HEAVRIN,
  *Plaintiff-Appellant,*

  *v.*

DAVID NELSON, *et al.*,
  *Defendants-Appellees.*

No. 03-5892

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 01-00537—Charles R. Simpson III, District Judge.

Argued: August 3, 2004

Decided and Filed: September 13, 2004

Before: NELSON and COOK, Circuit Judges; ROSEN,
District Judge.*

———————————

**COUNSEL**

**ARGUED:** James A. Earhart, Louisville, Kentucky, for
Appellant. Timothy S. Harris, PIPER RUDNICK LLP,

———————————

* The Honorable Gerald E. Rosen, United States District Judge for the
Eastern District of Michigan, sitting by designation.

1

---

Chicago, Illinois, for Appellees. **ON BRIEF:** James A.
Earhart, Louisville, Kentucky, for Appellant. Timothy S.
Harris, Alexander Terras, PIPER RUDNICK LLP, Chicago,
Illinois, Edward H. Stopher, BOEHL, STOPHER &
GRAVES, Louisville, Kentucky, for Appellees.

———————————

**OPINION**

———————————

DAVID A. NELSON, Circuit Judge. This is an appeal
from the dismissal of a complaint for failure to state a claim
upon which relief can be granted. The complaint purported
to assert state-law causes of action for fraud, perjury, and
outrage based on the defendants' having filed allegedly false
proofs of claim in a bankruptcy proceeding and having given
allegedly false testimony in a criminal trial. Because
statements contained in legal pleadings and testimony given
in legal proceedings are privileged under Kentucky law, and
because we are not persuaded that the privilege is inapplicable
in the circumstances presented here, we shall affirm the order
of dismissal.

I

The plaintiff, Donald Heavrin, was legal counsel to Triple
S Restaurants and its principals, Robert Harrod and Michael
Macatee, in a commercial loan transaction.[1] The lender was
Boeing Capital Corporation. For collateral, Triple S assigned
to Boeing "key man" insurance policies on the lives of

———————————

[1] The facts summarized here are drawn primarily from Mr. Heavrin's
complaint, the allegations of which must be taken as true for purposes of
this appeal. See *Memphis Area Local, American Postal Workers Union
v. Memphis*, 361 F.3d 898, 901 (6th Cir. 2004). We have supplemented
the allegations of the complaint with additional background facts set forth
in the decision in a related case, *United States v. Heavrin*, 144 F. Supp.2d
769, 773-75 (W.D. Ky. 2001).

Messrs. Harrod and Macatee. The Harrod policy was later transferred, subject to Boeing's interest, to the Robert Harrod Irrevocable Trust. Mr. Heavrin (who was Mr. Harrod's step-son as well as his attorney) and Heavrin's step-sister were co-trustees and co-beneficiaries of the trust. The transfer to the trust occurred in June of 1994.

By that time, the relationship between Triple S and Boeing had become rocky. Boeing asserted claims of default, and Triple S, Mr. Harrod, and Mr. Macatee asserted claims of lender liability.

On September 2, 1994, Mr. Harrod died. Mr. Heavrin then negotiated a settlement of Mr. Harrod's claim against Boeing, under which $250,000 of the proceeds of the Harrod life insurance policy would be paid to the Harrod Trust. The rest of the proceeds — $1.75 million — was to be paid to Boeing. Defendants David Nelson and Daniel Anderson, who were employees of Boeing, participated in the negotiation of this settlement.

On September 30, 1994, Triple S filed for bankruptcy. Boeing submitted a proof of claim that did not reflect a reduction of the indebtedness in the amount of Harrod's life insurance. Boeing later filed an amended proof that reduced the claim by $1.75 million.

After a failed attempt to collect $2 million in insurance proceeds from Boeing, the trustee in bankruptcy filed an adversary proceeding to recover the $250,000 paid to the Harrod Trust. Named as defendants in the adversary proceeding were the trust itself, Mr. Heavrin, and Heavrin's step-sister. In the course of the adversary proceeding, one or more representatives of Boeing denied that the $250,000 had been paid in settlement of a lender liability claim.

Mr. Heavrin was prosecuted criminally on charges of transferring, concealing, and laundering money that should have been part of the bankruptcy estate. Nelson testified at

Mr. Heavrin's trial that the $250,000 was not paid in settlement of a lender liability claim. The trial ended in a judgment of acquittal. See *United States v. Heavrin*, 144 F. Supp.2d 769, 784 (W.D. Ky. 2001).

After the criminal charges against him were dismissed, Mr. Heavrin sued Boeing, Mr. Nelson, and Mr. Anderson in a Kentucky court. Boeing removed the case to federal district court on diversity grounds. Heavrin subsequently filed a second amended complaint, adding as defendants several corporate entities affiliated with Boeing.

The second amended complaint set forth three substantive counts: fraud, perjury, and outrage. The fraud count was subtitled "False and Misleading Proofs of Claim" and was based on exactly that – Boeing's filing of false proofs of claim in the Triple S bankruptcy. The perjury count was based on Mr. Nelson's false testimony in Mr. Heavrin's criminal trial. The claim of outrage was based on the same conduct complained of in the previous counts.

On motion by the defendants, the district court dismissed the complaint for failure to state a claim. As to the fraud count, the court held that a federal statute prohibiting the filing of false bankruptcy claims, 18 U.S.C. § 152(4), does not create a private right of action, and that Mr. Heavrin did not plead common-law fraud with the requisite degree of particularity. The court held further that the absolute privilege afforded to testimony in a judicial proceeding precluded a civil action based on perjury. Finally, the court held that the wrongdoing alleged in the complaint did not rise to the level of outrageous conduct under Kentucky law.

Mr. Heavrin moved for reconsideration and for leave to file a third amended complaint. After those motions were denied, Mr. Heavrin filed this timely appeal.

## II

It has long been the law in Kentucky, as in "practically all jurisdictions," that "the testimony of a witness given in the course of a judicial proceeding is privileged and will not support a cause of action against him." *McClarty v. Bickel*, 159 S.W. 783, 784 (Ky. 1913); *cf. Bryant v. Kentucky*, 490 F.2d 1273, 1274 (6th Cir. 1974). Likewise, "statements in pleadings filed in judicial proceedings are absolutely privileged when material, pertinent, and relevant to the subject under inquiry." *Schmitt v. Mann*, 163 S.W.2d 281, 283 (Ky. 1942).

The proofs of claim filed by Boeing in the Triple S bankruptcy and the testimony given by Mr. Nelson in Mr. Heavrin's criminal trial were plainly material to those proceedings. It follows, we believe, that "[n]o civil action will lie" against Boeing on the basis of those proofs of claim or that testimony. *McClarty*, 159 S.W. at 784.[2]

Mr. Heavrin advances two arguments for not applying the judicial-proceeding privilege in the case at bar.

First, Mr. Heavrin contends that his claims are not based on Boeing's false proofs of claim or on Mr. Nelson's false testimony, but rather on a "fraudulent course of conduct" of which the proofs of claim and Nelson's testimony are merely evidence. This contention cannot be squared with the text of Mr. Heavrin's complaint.

---

[2] The judicial-proceeding privilege is most often invoked as a defense to claims of defamation, but its application is not limited to that context. *McClarty* and *Bryant* involved claims of malicious prosecution. See *McClarty*, 159 S.W. at 784; *Bryant*, 490 F.2d at 1274. Courts in other jurisdictions have applied the privilege in actions alleging intentional infliction of emotional distress, see *Kachig v. Boothe*, 99 Cal. Rptr. 393, 403 (Cal. Ct. App. 1971), and slander of title, see *Wendy's of South Jersey, Inc. v. Blanchard Management Corp.*, 406 A.2d 1337, 1340 (N.J. Super. Ct. Ch. Div. 1979).

---

The fraud count rests explicitly and exclusively on the false proofs of claim. As we have seen, the count is subtitled "False and Misleading Proofs of Claim." In keeping with that subtitle, the pleading describes the alleged fraud as "[t]he actions of defendants . . . in filing the false and misleading proof of claims" and asserts that Mr. Heavrin was injured "[a]s a result of the false and fraudulent Proof of Claim." No other false representations are specifically alleged.[3] If Mr. Heavrin intended to allege a broader fraudulent scheme, of which the proofs of claim were mere evidence, he did not do so with the particularity required by Rule 9(b), Fed. R. Civ. P. See *Minger v. Green*, 239 F.3d 793, 800 (6th Cir. 2001) (holding that Rule 9(b) applies to diversity actions in federal court).

The perjury count, of course, is based solely on testimony in a legal proceeding. And the outrage count is predicated on the same facts as the fraud and perjury counts. We see no basis for concluding that any of these claims arises from conduct that is not protected by the judicial-proceeding privilege.

Mr. Heavrin's second argument is that notwithstanding the judicial-proceeding privilege, Kentucky Revised Statute 446.070 allows civil recovery for the conduct complained of here. K.R.S. 446.070 provides that

"[a] person injured by the violation of any statute may recover from the offender such damages as he sustained

---

[3] The general allegations of the complaint, which are incorporated by reference into the fraud count, include an allegation that "[t]hroughout the Adversary Proceedings . . . the defendants, and each of them, consistently denied a lender liability claim had existed." The complaint does not specify the setting in which (or the audience to whom) these representations were made, although the next paragraph refers to "deposition testimony" that was "similar" to Mr. Nelson's testimony in the criminal trial. Deposition testimony, no less than statements contained in proofs of claim, is protected by the judicial-proceeding privilege.

by reason of the violation, although a penalty or forfeiture is imposed for such violation."

As interpreted by Kentucky's highest court, K.R.S. 446.070 "creates a private right of action for the violation of any statute," provided that "the plaintiff belongs to the class intended to be protected by the statute." *State Farm Mutual Automobile Insurance Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988); *cf. Baker v. White*, 65 S.W.2d 1022, 1023-24 (Ky. 1933) (interpreting Kentucky Statute 466, the predecessor of K.R.S. 446.070), and *Hackney v. Fordson Coal Co.*, 19 S.W.2d 989, 990 (Ky. 1929) (same). Mr. Heavrin maintains that the conduct alleged in his complaint violates Chapter 523 of the Kentucky Penal Code, the chapter prohibiting perjury and related offenses, and that he is within the class of persons protected thereby.

To accept Mr. Heavrin's argument that K.R.S. 446.070 authorizes civil recovery in the circumstances presented here, we would have to conclude that the statute abrogates the judicial-proceeding privilege. But Kentucky courts have consistently recognized the privilege notwithstanding K.R.S. 446.070. Kentucky Statute 466, an almost identical forebear of K.R.S. 446.070,[4] is a "very old" statute; it was cited by the highest court of Kentucky as early as 1900. *Reeder*, 763 S.W.2d at 118. Yet, as we have seen, the judicial-proceeding privilege has remained vital in Kentucky. See *Schmitt*, 163 S.W.2d at 283, and *McClarty*, 159 S.W. at 784, as well as *Reed v. Isaacs*, 62 S.W.3d 398, 399 (Ky. Ct. App. 2000) (no civil action for lying to grand jury), and *Lawson v. Hensley*, 712 S.W.2d 369, 370 (Ky. Ct. App. 1986) (no civil action for perjury). It is true that these decisions do not expressly hold that the judicial-proceeding privilege survives K.R.S.

---

[4] K.S. 466 provided that "[a] person injured by the violation of any statute may recover from the offender such damage as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed."

446.070. Having found no case in which the statute was held to trump the privilege, however, we are unwilling to reject what is implicit in the cited decisions.

**AFFIRMED**.