IN RE McArthur Wright DAVIS and Katika Sari Davis, Debtors.

McArthur Davis Plaintiff,

v.

Orion Federal Credit Union, Defendant.

Case No. 14-28829-L
Adv. Proc. No. 15-00065

United States Bankruptcy Court,
W.D. Tennessee, Western Division.

Signed August 25, 2015

Filed August 26, 2015

John Edward Dunlap, Memphis, TN, for Plaintiff.

Blair B. Evans, Baker, Donelson, Bearman, Caldwell & Ber, Memphis, TN, for Defendant.

## REPORT AND RECOMMENDATION ON MOTION FOR ABSTENTION OR, IN THE ALTERNATIVE, TO DISMISS COMPLAINT

Jennie D. Latta, UNITED STATES BANKRUPTCY JUDGE

BEFORE THE COURT is the Motion of Defendant Orion Federal Credit Union ("Orion") for Abstention or, in the Alternative, to Dismiss Plaintiff's Complaint and Adversary Proceeding (Adv. Proc. Doc. No. 10), filed July 10, 2015. Plaintiff McArthur Davis ("Davis") filed a late Response (Adv. Proc. Doc. No. 15), on August 21, 2015, in which he states his preference that the Bankruptcy Court abstain from hearing this adversary proceeding in favor of the Shelby County Chancery Court before which there is pending a suit brought by Orion against Davis for breach of contract (the "Chancery Action"). Having considered the facts and circumstances, the undersigned recommends that the District Court dismiss this adversary proceeding. As the result of the Trustee in Bankruptcy abandoning the interest of the bankruptcy estate in the outcome of this dispute, federal bankruptcy jurisdiction is not present. See 28 U.S.C. § 1334(b). This is not a core proceeding. See 28 U.S.C. § 157(b)(2).

The Complaint which commenced this adversary proceeding alleges violations of the Tennessee Consumer Protection Act, the Fair Credit Reporting Act ("FCRA"), and common law. (Complaint, Adv. Proc. Doc. No. 1). When it was filed, Davis was a debtor in possession in a bankruptcy case filed pursuant to Chapter 13 of the Bankruptcy Code. The bankruptcy case was filed August 26, 2014. (Bankr. Doc. No. 1). The Complaint which commenced this adversary proceeding was filed March 2, 2015. The bankruptcy case was converted to Chapter 7 on April 16, 2015. (Bankr. Doc. No. 81). Linda F. Teems was appointed Trustee in Bankruptcy. (Bankr. Doc. No. 84). She declined to join in this adversary proceeding deciding instead to abandon the bankruptcy estate's interest on July 9, 2015. (Bankr. Doc. 99). Shortly thereafter, the Trustee filed her Report of No Distribution, indicating that there are no assets available for distribution to creditors from the bankruptcy estate. Thus, although Orion filed a proof of claim in the bankruptcy case in the amount of $105,500 (Claim No. 8–1), there will be no distribution on account of that claim because there are no assets available for distribution. The Debtors received their discharges on July 29, 2015. (Bankr. Doc. No. 101). No exception was noted for the claim of Orion and the deadline for filing complaints to determine the dischargeability of particular debts has passed. (See Bankr. Doc. No. 85). Davis no longer has any personal liability to Orion under any theory.[1] While an

---

1. Davis has no personal liability to Orion, but    Orion did assert a right of setoff against any

adversary complaint may be treated as an objection to a proof of claim, thus bestowing bankruptcy jurisdiction over an otherwise non-core adversary proceeding, in this case, there is no reason to adjudicate the amount of Orion's claim with respect to the bankruptcy estate because the estate has no assets.

■ Upon abandonment by the Trustee, the causes of action asserted by Davis in this adversary proceeding revested in Davis. 11 U.S.C. § 554(c); *Travers v. Bank of Am., et al. (In re Travers)*, 507 B.R. 62, 72 (Bankr.D.R.I.2014). He is now free to pursue them in his own right. The bankruptcy estate will receive no benefit if he is successful. As Davis admits, this adversary proceeding never was a "core" bankruptcy proceeding because it neither arose under the Bankruptcy Code nor in the bankruptcy case. See 28 U.S.C. § 157(b). It was, at best, a proceeding "related to" a bankruptcy case, which sought to augment the bankruptcy estate. The district court does have bankruptcy jurisdiction over "related to" claims (see 28 U.S.C. § 1334(b)), but this adversary proceeding is no longer related to any bankruptcy case. Federal bankruptcy jurisdiction has been lost. *Church Joint Venture, L.P., et al. v. Blasingame, et al. (In re Blasingame)*, 472 B.R. 754, 760 (Bankr.W.D.Tenn.2012).

The adversary proceeding stands now in an anomalous position. It asserts affirmative relief against Orion that was never raised in the Chancery Action. The claim of Orion in that was raised in that action has been discharged in bankruptcy.

■ Orion asserts that the Complaint should be dismissed because it "alleges state law claims, which do not invoke a substantive right created by federal bankruptcy law and could exist outside of bankruptcy." (Motion for Abstention, Adv. Proc. Doc. No. 10, p. 6). Orion overlooks the fact that, in addition to state law claims, the Complaint states a claim under FCRA, a federal statute found at 15 U.S.C. § 1681s-2 et seq. This claim gives rise to federal question jurisdiction and could be heard by the United States District Court. Orion's motion does not question the substance of the claims asserted by Davis. On its face, however, the Complaint fails to state a claim under the FCRA. Taken in the light most favorable to Davis, the Complaint alleges that Orion, a furnisher of credit information, "knowingly plac[ed] negative and incorrect information on the Plaintiff's credit reports." (Complaint, Adv. Proc. Doc. No. 1, ¶ 16). There is, however, no private right of action available to a consumer to enforce the duty of furnishers of credit information to provide accurate information. See 15 U.S.C. § 1681s-2(a),[2] (c),[3] and (d)[4]; see also *Stafford v. Cross Country Bank*, 262 F.Supp.2d 776 (W.D.Ky.2003), and cases cited therein. When that claim is dismissed, as it should be, there will remain

---

damages that might be awarded against it. (Answer of Orion, Adv. Proc. Doc. No. 4, Fifteenth Defense, pp. 4-5).

**2.** 15 U.S.C. § 1681s-2(a) imposes duties upon furnishers of credit information to provide consumer reporting agencies with accurate information.

**3.** 15 U.S.C. § 1681s-2(c) states: "Sections 1681n and 1681o of this title do not apply to any failure to comply with subsection (a) of this section, except as provided in section 1681(c)(1)(B) of this title." Section 1681(c)(1)(B) delineates the remedies available to suits brought by state officers, as opposed to private consumers, for negligent and willful violations of § 1681s-2.

**4.** 15 U.S.C. § 1681s-2(d) states: "Subsection (a) of this section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section."

no federal question giving rise to federal jurisdiction. It does not appear advantageous for the District Court to retain jurisdiction of the Complaint.[5]

Orion also asserts that the Bankruptcy Court should abstain from hearing the dispute between it and Davis in favor of the pending Chancery Action. Davis joins in this request. Both parties, however, overlook the fact that abstention, both mandatory and permissive, requires the presence of a cause of action related to a bankruptcy case. See 11 U.S.C. § 1334(c). For the reasons stated above, the pending adversary proceeding is no longer related to a bankruptcy case. There is no bankruptcy jurisdiction over this proceeding at all. In the usual case giving rise to abstention, the bankruptcy or district court abstains from hearing a dispute that *could be heard* in the federal court because of the presence of federal bankruptcy jurisdiction, but for the reasons stated in 28 U.S.C. § 1334(c)(1) and (2), the dispute either may or must be heard in a state court. Once the dispute is resolved in the state court, the parties return to the bankruptcy court to report the result of that litigation which, if the trustee is successful, results in augmentation of the bankruptcy estate. Because the Trustee in this case has abandoned the estate's interest in the outcome of the dispute between Davis and Orion, there is no possibility of augmentation of the bankruptcy estate. In fact, no effect on the bankruptcy estate of any kind will result from the resolution of their dispute. There are no assets to disburse to Orion if

it is successful, and there is no benefit to be enjoyed by the bankruptcy estate if Davis is successful. For this reason, dismissal of the adversary proceeding rather than abstention seems the best (and only) solution.

---

5. Davis also makes a half-hearted claim that Orion's proof of claim violates federal bankruptcy law. (Complaint, ¶ 18). He asserts no claim for relief based on that assertion, however. Further, in his response to the motion to dismiss he says that he "understands that since the trustee has abandoned the case and he has received a discharge that this cause of action may very well be a non-core proceed-ing that should be returned to state court to be litigated." (Response, Adv. Proc. Doc. 15). Filing a false claim in bankruptcy is a crime under 18 U.S.C. § 152(4). There is no private right of action for violation of § 152(4). *See Heavrin v. Boeing Capital Corp.*, 246 F.Supp.2d 728, 731 (W.D.Ky.2003), *aff'd* 384 F.3d 199 (6th Cir.2004).