**Louis C. DAVIS, Plaintiff-Appellant,**

v.

**Mike ROBBS, #462, Tonyia Johnston and Mike Seay, Defendants-Appellees.**

No. 84–5394.

United States Court of Appeals,
Sixth Circuit.

Argued April 14, 1986.

Decided July 9, 1986.

B. Todd Thompson (argued), Woodward, Hobson & Fulton, Louisville, Ky., court-appointed-Pro bono, for plaintiff-appellant.

Eugene N. Collins, City Atty., Chattanooga, Tenn., Gary D. Lander, Randall L. Nelson (argued), for defendants-appellees.

Before KRUPANSKY and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

The plaintiff-appellant Louis C. Davis (Davis) appealed from an order of the district court granting summary judgment to the defendants-appellees Mike Robbs (Robbs), a Chattanooga Tennessee police officer, and Tonyia Johnston (Johnston) and Mike Seay (Seay), two auxiliary police officers, in this civil rights action initiated pursuant to 42 U.S.C. § 1983.

On January 28, 1983, Robbs, Johnston and Seay were dispatched to the Davis' residence in response to a call from a taxi driver named Theordis R. Little (Little). Little informed the officers that he had transported Davis to his residence and that Davis was intoxicated and had refused to

pay his four dollar cab fare. In an effort to resolve the situation amicably, Robbs approached the house knocked on the door, identified himself as a police officer, and expressed a desire to speak with Davis.

Davis responded with a threat to kill whoever was at the door. Peering through a window, Robbs observed Davis inside the front door with a rifle. After the officers had retreated and had taken cover away from the house, Davis stepped outside and, in response to a police request to surrender the rifle, repeated his previous threat, stating "Where are you? I'll kill you."

Davis reentered his residence to engage in a telephone conversation with a neighbor. The officers observed Davis place the rifle against the telephone table whereupon he announced his intent to surrender. However, before opening the front door, Davis removed a pocketknife from his pocket, exposed the blade and returned it to his pocket. The officers stationed themselves outside the door. When Davis opened the door, the officers entered the house, removed Davis' hands from his pockets, confiscated the pocketknife, handcuffed him and placed him under arrest. He was placed into a squad car. Robbs reentered the residence through the open doorway and retrieved the rifle from its position against the telephone table where it had been placed by Davis immediately before he was placed into custody and where it had remained in clear view during the entire period of his arrest. Davis was charged with aggravated assault, disorderly conduct and public drunkenness and later indicted for felonious assault and public drunkenness.

Davis initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 wherein he averred that the police "raided in" and handcuffed him, arrested him without advising him of his rights, searched his home, and took him to jail where he was held until his case was dismissed.

Johnston and Seay filed a joint answer to the complaint. Robbs filed a separate answer. The defendants' answers detailed the facts of plaintiff's conduct from the moment they arrived at the scene in basically the same terms as outlined above. Davis filed two traverses in which he denied the facts asserted in the answers and, in conclusory language, stated that he had been arrested without probable cause.

Thereafter, the plaintiff filed a motion for summary judgment which was not accompanied by any affidavits, exhibits, or other supporting evidence. The defendants filed a cross motion for summary judgment tendering therewith affidavits wherein they attested to each and every factual allegation incorporated into their answers. The district court granted summary judgment in favor of the defendants and this timely appeal followed.

On appeal, the plaintiff has charged that the district court erred in granting summary judgment in favor of the defendants because there existed a conflict of material fact as to his claims of (1) false arrest without probable cause in violation of his Fourth Amendment rights; (2) unreasonable search and unlawful seizure of his rifle in violation of the Fourth Amendment; and (3) false imprisonment which infringed his liberty interest without due process of law.

Pursuant to Federal Rule of Civil Procedure 56, the party moving for summary judgment bears the burden of demonstrating that there is an absence of material issues of fact and that it is entitled to judgment as matter of law. Fed.R.Civ.P. 56(c). Where, as here, the moving defendants have supported their motion with affidavits and other documents, the plaintiff may not rest on the mere allegations or denials of his pleadings, but rather "must set forth *specific facts* showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e) (emphasis added). *Felix v. Young*, 536 F.2d 1126, 1134–35 (6th Cir.1976). As this court noted in *Bryant v. Kentucky*, 490 F.2d 1273, 1275 (6th Cir.1974), conclusory and unsupported allegations do not satisfy that burden.

■ In the present case, the defendants, by attesting to the factual allegations of

their answers, set forth specific facts that demonstrated that they had probable cause to arrest the plaintiff as a result of his threats to kill them with his rifle and his disorderly response to their appearance at his doorstep. The plaintiff's traverse, filed in response to the defendants' answers, was nothing more than a general denial of the defendants' allegations coupled with a conclusory self serving statement that the "[p]laintiff was not in violation of any Tennessee State laws when the defendant[s] arrived at the scene and defendant[s] did not have any legal authority to arrest plaintiff." The defendants do not dispute that they lacked probable cause to arrest the plaintiff when they arrived at his residence and it is conceded that they made no attempt to do so. Rather, the defendants insist that the plaintiff's threats to kill them with his rifle in response to their efforts to amicably resolve a dispute between Davis and Little created independent probable cause to arrest him for assault and disorderly conduct. Aside from his unsupported conclusory allegation that there was no probable cause for his arrest, plaintiff has failed to contest the basic facts which supported the probable cause for his arrest. Accordingly, the district court did not err in granting summary judgment in favor of the defendants as to the cause of action for unlawful arrest.

■ The plaintiff has also asserted that the district court erred in granting summary judgment in the face of conflicting material facts bearing upon the plaintiff's claim of illegal search. The defendants' uncontroverted affidavits established that the plaintiff had threatened to kill them with his rifle, that the defendants had observed the plaintiff place the rifle against the telephone table where it remained easily accessible to him and in clear view during the intervening seconds before his arrest, and that the plaintiff was drunk and armed with a knife at the time of his arrest. On the basis of these uncontroverted facts, this court concludes that the seizure of the plaintiff's rifle constituted a lawful search incident to arrest as defined by the Supreme Court in *Chimel v. California,* 395

U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), *reh'g denied,* 396 U.S. 869, 90 S.Ct. 36, 24 L.Ed.2d 124 (1969). In *Chimel,* the Supreme Court stated that the governmental interest in ensuring an arresting officer's safety and preventing the destruction of evidence provided justification for a limited search incident to an arrest of "the arrestee's person and the 'area within his immediate control'—construing the phrase to mean the area from which he might gain possession of a weapon or destructible evidence." 395 U.S. at 763, 89 S.Ct. at 2040. Under the circumstances prevailing at the time of the plaintiff's arrest, including Davis' immediate proximity to the loaded rifle which was in clear view and easily accessible to him, the police were lawfully entitled to seize the rifle after having placed the plaintiff into the squad car.

■ In his remaining assignment of error, the plaintiff has charged that the trial court improperly dismissed his cause of action which alleged that his incarceration subsequent to his arrest constituted a deprivation of his liberty without due process of law. A § 1983 plaintiff may prevail on his procedural due process claim (1) by demonstrating that he was deprived of his liberty as a result of an established state procedure which was itself violative of his right to procedural due process; or (2) by proving that the defendants deprived him of a liberty interest pursuant to a "random and unauthorized act" and that available state remedies would not adequately compensate him for the loss that he suffered. *Wilson v. Beebe,* 770 F.2d 578 (6th Cir. 1985); *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In the present case, the plaintiff failed to set forth any facts from which even the remotest inference that the defendants acted pursuant to an established state procedure could be drawn. Accordingly, because the Tennessee state courts provide redress for common law tort actions of false arrest and false imprisonment, the plaintiff's procedural due process claim is barred by *Parratt.*

For the reasons set forth above, the judgment of the district court is AFFIRMED.

WELLFORD, Circuit Judge, concurring in part and dissenting in part.

In all respects, save one, I am in agreement with the panel decision. I respectfully dissent, however, to that portion of the majority's opinion that deals with the post-arrest seizure of plaintiff's rifle. The majority attempts to justify the seizure of the rifle under the incident to arrest exception to the fourth amendment's requirement that police obtain a warrant before a search and seizure of a citizen's property. The majority cites *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969), for the proposition that the search incident to arrest principle justifies the search and seizure of evidence on "the arrestee's person and 'area within his immediate control'—construing that phrase to mean the area from which he might gain possession of a weapon or destructible evidence." The majority takes the position that since at the time of plaintiff's arrest his rifle was accessible to him, the police officers' later seizure of the rifle was lawful.

But the rationale justifying the search incident to arrest exception is that some exigency exists at the time of the search or seizure, not arrest. Otherwise, no actual exigency, such as danger to the safety of the police or others, would exist. The actual exigency at the time of arrest would become fictional through transplantation to the time of the search and seizure. At the time the police seized the rifle in the present case, plaintiff was handcuffed and in the squad car. He no longer had access to the gun nor posed any danger to the police. Neither does the record suggest that the rifle would have been later unavailable for seizure had the police obtained a warrant. Thus, the rationale justifying the exception does not support the seizure of the rifle.[1] The danger had passed.

I therefore find the majority's expansion of the exception unwarranted.[2]

---

1. The search incident to arrest exception does apply to the seizure of the knife on Davis' person at the time of his arrest. The knife was within Davis' reach when seized and posed a danger to the police.

2. I am unpersuaded by the reasoning of the court in *United States v. Palumbo*, 735 F.2d 1095, 1097 (8th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 332, 83 L.Ed.2d 268 (1984). The *Palumbo* court concluded that the search incident to arrest exception "is not constrained because the arrestee is unlikely at the time of the arrest to actually reach into that area." The court cited *New York v. Belton*, 453 U.S. 454, 459–60, 101 S.Ct. 2860, 2863–64, 69 L.Ed.2d 768 (1981). *Belton* did approve a warrantless search when the arrestees arguably no longer had access to the seized evidence. But *Belton* was a case concerning the application of the search incident to arrest exception to the search of an automobile. The present case concerns a seizure in the arrestee's *home.* Fourth amendment rights are preeminent in the home. *See Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).