**VILLA APOLLO ASSOCIATES II, Plaintiff,**

v.

**Annette BELLAFANT, Defendant.**

**Annette BELLAFANT, Counter-Plaintiff and Third-Party Plaintiff,**

v.

**VILLA APOLLO ASSOCIATES II, Counter-Defendant,**

and

**U.S. Department of Housing and Urban Development, et al, Third-Party Defendants.**

No. 86–CV–74308–DT.

United States District Court, E.D. Michigan, S.D.

Feb. 12, 1987.

Milton S. Landau, Birmingham, Mich., for Villa Apollo Associates II.

Nicholas Roomeliotis, Wayne County Legal Services, Inc., Detroit, Mich., for counter-plaintiff and third party plaintiff.

Francis L. Zebot, U.S. Atty., Detroit, Mich., for third-party defendants.

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF AND THIRD PARTY DEFENDANT

HACKETT, District Judge.

This case was originally filed in the 33rd Judicial District Court for the State of Michigan. It was removed to this court by third-party defendant United States Department of Housing and Urban Development (HUD). The matter is presently before the court on plaintiff's motion for summary judgment as to both plaintiff's claim and defendant's counterclaim.

Plaintiff owns and manages the Villa Apollo Apartments in Brownstown Township, Michigan, an apartment complex subject to HUD regulations by virtue of federally insured financing. This action arose out of plaintiff's attempt to obtain possession of an apartment leased to defendant. The action was prompted by defendant's failure to comply with the terms of a September, 1985, lease that requires defendant to pay monthly rent on the first day of each month and to pay a late fee of $5.00 if such payment is not made until after the fifth day of each month. The late fee is authorized by HUD regulations.

Defendant has admitted that during the first six months of 1986 she paid her rent and a $5.00 late fee on the 12th day of the month or later. (Affidavit of Annette Bellafant).

Apparently, defendant did not pay her rent for the month of July, 1986. On July 10 and July 14, 1986, she was served with notices to quit. On August 4, 1986, plaintiff commenced this action to recover possession pursuant to the lease, HUD regulations and the Michigan Summary Proceedings Act. Defendant tendered the July rental payment on August 1, 1986. Plaintiff did not accept it. Rental payments for August and September are to have been paid into escrow pursuant to an escrow order entered by the 33rd Judicial District Court on August 22, 1986.

On September 3, 1986, defendant filed a counterclaim and third party claim seeking declaratory relief as to the enforceability of the HUD regulations and injunctive relief from enforcement of the late fee requirements.

F.R.Civ.P. 56(c) provides that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The party moving for summary judgment "bears the burden of clearly establishing the non-existence of any genuine issue of fact material to a judgment in his favor." *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." Conclusory and unsupported allegations do not support this burden. *Davis v. Robbs*, 794 F.2d 1129 (6th Cir.1986).

Defendant maintains in her response that her counterclaim raises a factual issue as to how much money she would have to pay the plaintiff to prevent issuance of a writ of restitution. There is, in fact, no dispute as what sum she would have to pay. What

defendant disputes is whether, as a welfare recipient, she should be required to pay it.

Defendant's counterclaim seeks adjudication that the HUD late fee policy violates the equal protection clause of the Fourteenth Amendment of the Constitution. Defendant contends that the HUD regulation places a disproportionate burden on welfare recipients. The purpose underlying the equal protection clause of the Fourteenth Amendment is the prevention of unjust and illegal discrimination between persons in similar circumstances. *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). Imposition of a late fee when rent is not paid until after the fifth day of the month has the identical effect on all persons who lack sufficient funds to pay their rent on the first day of the month. Those persons whose income is derived from paychecks, pension checks, child support checks or fixed income from any other source are necessarily subject to the same constraints as are recipients of public assistance. Defendant appears to be seeking not equal protection, but special protection.

Plaintiff has good reason to require timely payment of rent under the lease. A landlord also has financial obligations that must be met in a timely fashion. When rental payments are not timely made, a landlord incurs expenses for handling and processing of late payments. A $5.00 late fee to defray the costs associated therewith does not seem unreasonable. Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is granted;

IT IS FURTHER ORDERED that defendant's counterclaim is dismissed; and,

IT IS FURTHER ORDERED that this case is remanded to the 33rd Judicial District Court for further proceedings under the Michigan Summary Proceedings Act.