829 F.2d 1126
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey SANDERS, Plaintiff-Appellant,
v.
Gene BORGERT, James Pogats, Kenny Robinson, Defendants-Appellees.
 No. 86-1493
 United States Court of Appeals, Sixth Circuit.
 September 22, 1987.
 
 ORDER
 Before ENGEL and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This Michigan state prisoner appeals from a district court judgment adopting the magistrate's report and recommendation, over the plaintiff's objections, to dismiss his civil rights complaint filed under 42 U.S.C. Sec. 1983. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 We agree with the district court's conclusions and for the reasons stated by the magistrate, we conclude that the plaintiff's complaint was properly dismissed. In addition, to the extent plaintiff sought relief for alleged violations of his procedural due process rights, we conclude that the plaintiff failed to state a claim. The alleged deprivations were asserted to be contrary to state law and were thus random and unauthorized deprivations. See Davis v. Robbs, 794 F.2d 1129, 1131 (6th Cir.), cert. denied, 107 S.Ct. 592 (1986); Four Seasons Apartment v. City of Mayfield Heights, 775 F.2d 150, 152 (6th Cir. 1985). Having failed to plead and prove the inadequacy of state remedies to redress the alleged wrongs, plaintiff simply failed to state a claim for violation of his procedural due process rights. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Joyce v. Mavromatis, 783 F.2d 56 (6th Cir. 1986).
 
 
 3
 Plaintiff's allegations also do not 'shock the conscience' so as to give rise to a substantive due process violation. Rochin v. California, 342 U.S. 165, 172 (1952); cf. Parratt v. Taylor, 451 U.S. 527, 536 (1981). Nor do they evidence a wantonness in the infliction of punishment so as to give rise to a violation of the eighth amendment. See Whitley v. Albers, 106 S.Ct. 1078 (1986).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.