833 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fayard E. WILSON, Plaintiff-Appellant,
v.
Dale FOLTZ, Defendant-Appellee.
 No. 87-1384.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1987.
 
 Before MERRITT and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan state prisoner appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights action. Upon consideration of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Upon review, we affirm the judgment of the district court. Plaintiff has failed to adequately state a claim under 42 U.S.C. Sec. 1983 for denial of procedural due process in the alleged deprivation of his typewriter and legal documents. He alleged a random and unauthorized deprivation of property contrary to state law, policy or procedure which could not have been anticipated by state authorities. See Davis v. Robbs, 794 F.2d 1129 (6th Cir.), cert. denied, 107 S.Ct. 592 (1986); Four Seasons Apartment v. City of Mayfield Heights, 775 F.2d 105 (6th Cir.1985). Plaintiff failed to adequately plead and prove the inadequacy of state post-deprivation procedures and therefore failed to state a federal cause of action for denial of procedural due process. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981); Barnier v. Szentmiklosi, 810 F.2d 594 (6th Cir.1987).
 
 
 3
 Additionally, plaintiff has failed to adequately demonstrate a causal connection between the alleged denial of access to the courts and the delay and destruction of his property. See Jones v. Sherrill, No. 85-5828 (6th Cir. Sept. 2, 1987); Nishiyama v. Dickson County, 814 F.2d 277 (6th Cir.1987) (en banc). Plaintiff's complaint further fails to assert that the documents were essential to a pending proceeding, and therefore also fails to assert a cognizable constitutional violation of his right to access to the courts. See Hossman v. Spradlin, 812 F.2d 1019 (7th Cir.1987).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.