838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HORTON, Plaintiff-Appellant,
v.
Tony YOUNG, David H. Russell, Michael Dutton, Cpl. David
Hindman, Mary Dietz, and Carl Briggs, Defendants-Appellees.
 No. 87-5544.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1988.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff appeals the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983 as insubstantial. The case has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a prison disciplinary hearing, plaintiff was found guilty of possessing marijuana and sentenced to punitive segregation. He claimed that defendants violated his substantive and procedural due process rights, and denied him equal protection of the laws.
 
 
 3
 Upon consideration, we conclude that plaintiff's claim regarding a denial of procedural due process failed to state a cognizable claim because he did not prove the inadequacy of state remedies. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Davis v. Robbs, 794 F.2d 1129 (6th Cir.), cert. denied, 107 S.Ct. 592 (1986); Four Seasons Apartments v. City of Mayfield Heights, Ohio, 775 F.2d 150, 152 (6th Cir.1985). Plaintiff's constitutional right to due process was not violated because his conviction was sufficiently supported by "some evidence." See Superintendent, Mass. Correctional Institution, Walpole v. Hill, 472 U.S. 445 (1985).
 
 
 4
 Furthermore, plaintiff's claim of a denial of equal protection is conclusory. The record does not support a conclusion that plaintiff received disparate treatment, unequal protection of any law or that distinct protection is offered to similarly situated prisoners, but was not offered to him. See Chapman v. City of Detroit, 808 F.2d 459 (6th Cir.1986). Moreover, plaintiff did receive two adequate written statements regarding his discipline and reclassification sufficient to comport with due process.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed, and plaintiff's motions for the appointment of counsel and for a transcript are denied or overruled. Rule 9(b)(5), Rules of the Sixth Circuit.