838 F.2d 1215
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. MARTIN, Plaintiff-Appellant,
v.
Terry L. MORRIS, Defendant-Appellee.
 No. 87-3167.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1988.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se plaintiff appeals a judgment of the district court which dismissed his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. Upon review of the record and the briefs filed by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.Pro 34(a).
 
 
 2
 Plaintiff, an Ohio state prisoner, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Southern District of Ohio. As the basis of his claim, he alleged that defendant, an employee at the penal institution at which plaintiff was incarcerated, had improperly withheld various printed materials from him in contravention of the rights and procedures set forth in Ohio Admin.Code Sec. 5120-9-19. The district court, however, ultimately concluded that plaintiff's claims were without merit and therefore entered judgment dismissing the action. This appeal ensued.
 
 
 3
 Although plaintiff labels his claim as a First Amendment claim, close scrutiny of the complaint and other materials which plaintiff submitted in connection with his claim discloses that plaintiff is not challenging defendant's authority to restrict his receipt of printed materials as violative of the First Amendment. Rather, he is contesting the withholding from him of such publications in contravention of the rights and procedures to which he is entitled by virtue of Ohio Admin.Code Sec. 5120-9-19. Brief at 9. As a result, plaintiff has alleged a single claim for the random deprivation of a property or liberty interest without due process by a state officer who has acted contrary to state law, policy, regulation or custom. In order to maintain a cause of action for such a claim under 42 U.S.C. Sec. 1983, a plaintiff must first plead, and ultimately prove, the inadequacy of any available state remedies. Hudson v. Palmer, 468 U.S. 517, 530-33 (1984); Parratt v. Taylor, 451 U.S. 527 (1981); Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 198-99 (6th Cir.1987); Davis v. Robbs, 794 F.2d 1129, 1131 (6th Cir.), cert. denied, 107 S.Ct. 592 (1986). Review of the complaint indicates that plaintiff has failed to satisfy this requirement.
 
 
 4
 Accordingly, the final judgment of the district court entered February 2, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.