865 F.2d 262
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Veterans Administration, Plaintiff-Appellee,
v.
Gary Lee EVERHART, Defendant-Appellant.
 No. 88-1594.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1988.
 
 Before MERRITT, BOYCE F. MARTIN Jr. and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 Defendant, a pro se Michigan state resident, requests the appointment of counsel and appeals the district court's judgment ordering him to pay the Veteran's Administration (VA) the sum of $433.20 plus interest. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff instituted this action pursuant to 38 U.S.C. Sec. 1785 seeking to recover from the defendant an overpayment of educational benefits paid under the GI bill. Defendant initially received full time benefits for his enrollment in a twelve hour course of study. Because defendant received an incomplete grade in one class, the VA adjusted his benefits to reflect a half time allowance. This adjustment resulted in defendant having to repay the VA the amount of overpayment. The district court granted the plaintiff's motion for summary judgment, and defendant appeals that judgment.
 
 
 3
 Upon review, we conclude that the VA acted well within its statutory authority, 38 U.S.C. Sec. 1780(a)(4) provides that benefits may not be paid for a course which the grade assigned is not used in computing the requirements for graduation. 38 U.S.C. Sec. 1785 authorizes the recovery of any overpayments. In this case, the VA found an overpayment because the defendant was only entitled to half time allowance. Except in limited circumstances, which are not applicable here, a federal court may not review that determination. See 38 U.S.C. Sec. 211(a); Johnson v. Robison, 415 U.S. 361, 367 (1974); Wayne State University v. Cleland, 590 F.2d 627, 631-32 (6th Cir.1978). Even if this court could review the VA's determination, defendant has merely denied any indebtedness. This bare unsubstantiated assertion was insufficient to sustain his burden of showing a genuine issue of fact for trial. See Gregg v. Allen-Bradley Co., 801 F.2d 859, 5861 (6th Cir.1986); Davis v. Robbs, 794 F.2d 1129, 1130 (6th Cir.), cert. denied, 479 U.S. 992, (1986).
 
 
 4
 Accordingly, the defendant's request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.