886 F.2d 1315
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin ANDERSON-BEY, Plaintiff-Appellant,
v.
Charles ELLIS, Defendant-Appellee,
James Murphy, Defendant.
 No. 89-1422.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Melvin Anderson-Bey moves for counsel and appeals from the district court's judgment granting the defendant's motion for summary judgment regarding his prisoner civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Anderson-Bey claimed that he was removed from his textile factory assignment in violation of his constitutional rights when the defendants did not give him a hearing. Anderson-Bey was removed from his job after he was found taking two scrap T-shirts from the factory in violation of prison policy. He claimed that a memorandum issued in May 1988 by defendant Ellis created a protected liberty or property interest in this particular job. He requested damages and reinstatement of his textile factory job.
 
 
 4
 After reviewing defendant's answer, Anderson-Bey's response and motions for summary judgment, defendant's motion for summary judgment, the magistrate's report and recommendation, and Anderson-Bey's objections, the district court granted defendant's motion for summary judgment as Anderson-Bey did not establish that he was deprived of a protected liberty or property interest.
 
 
 5
 Anderson-Bey raises the same argument on appeal.
 
 
 6
 Upon consideration, we conclude that the district court correctly granted the defendant's motion for summary judgment as the record shows that there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 7
 Under 42 U.S.C. Sec. 1983, a plaintiff must allege 1) that he was deprived of a right secured by the federal Constitution or laws of the United States, and 2) that the deprivation was caused under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Absent either element, a claim is not stated.
 
 
 8
 Anderson-Bey failed to state a claim under 42 U.S.C. Sec. 1983. The essence of his claim is that he had a constitutionally protected right to a specific job assignment. An inmate has no inherent Constitutional right to a particular job assignment. Garza v. Miller, 688 F.2d 480, 486 (7th Cir.1982), cert. denied, 459 U.S. 1150 (1983). Although the memorandum at issue states that a major misconduct report must be written for a rule violation which justifies removing an inmate from his job such as stealing or making weapons, Anderson-Bey failed to explain how this memorandum, dated May 28, 1988, created a protected property interest for him when he was removed from his job in 1986. It is not sufficient to show current policy unless that policy was in effect at the time he was removed from his job.
 
 
 9
 Even if the memorandum at issue in this case created a liberty or property interest, we conclude that the district court correctly dismissed Anderson-Bey's claim pursuant to the doctrine enunciated in Parratt v. Taylor, 451 U.S. 527 (1981). Anderson-Bey alleged that he was deprived of his liberty or property in violation of procedural due process because he was removed from his textile factory job without a hearing. Having alleged that he was deprived of his liberty or property contrary to a prison policy, the alleged deprivation was the result of a random and unauthorized act. See Davis v. Robbs, 794 F.2d 1129, 1131 (6th Cir.), cert. denied, 479 U.S. 992 (1986). Not having pleaded and proved the inadequacy of the state's corrective process, Anderson-Bey has failed to state a cause of action for a deprivation of his procedural due process rights in federal court. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984).
 
 
 10
 Accordingly, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.