893 F.2d 1334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mohammed ISMAIL, Plaintiff-Appellant,
v.
OLD KENT BANK & TRUST COMPANY, Defendant-Appellee.
 No. 89-1495.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Mohammed Ismail, a pro se federal prisoner, appeals the district court's dismissal of his civil complaint filed pursuant to the Right to Financial Privacy Act (RFPA), 12 U.S.C. Sec. 3400 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Ismail sued the defendant bank under 12 U.S.C. Sec. 3417 alleging the bank violated his rights under the RFPA by improperly releasing his financial records to the Drug Enforcement Administration (DEA). The documents released were ultimately used to convict Ismail of conspiracy to import heroin. The bank responded by stating that the RFPA was not violated because Ismail's records were only released pursuant to judicial subpoenas. The district court granted the defendant's motion for summary judgment finding that Ismail had not shown a genuine issue of fact regarding whether the RFPA was violated.
 
 
 3
 On appeal, Ismail reasserts his claim and additionally argues: 1) the subpoenas issued were unenforceable because they were issued without judicial approval; 2) the bank did not notify him that his financial records had been subpoenaed; and 3) the bank did not comply with 12 U.S.C. Sec. 3420 which requires that the financial records obtained "shall be returned and actually presented to the grand jury".
 
 
 4
 Upon review, we affirm the district court's judgment. The RFPA restricts the ability of the federal government to obtain access to an individual's financial records. Under the RFPA, a government authority may not obtain a bank customer's financial records unless the records are reasonably described and 1) the customer has authorized the disclosure; 2) the disclosure is in response to an administrative summons; 3) the disclosure is pursuant to a search warrant; 4) the disclosure is in response to a judicial subpoena; or 5) the disclosure is in response to a formal written request. See 12 U.S.C. Sec. 3402. However, 12 U.S.C. Secs. 3413(e) and (i) provide for exceptions to the disclosure requirements of Sec. 3402 when the records sought are in connection with litigation between the government and the bank customer, or when the records are sought under a subpoena or court order issued in connection with a grand jury proceeding.
 
 
 5
 In this case, Ismail alleged the defendant violated the RFPA by disclosing his financial records to the DEA prior to the issuance of the July 7, 1983 grand jury subpoena. Defendant, in its motion for summary judgment, countered this allegation by submitting the affidavits of DEA agent Richard Robins and Ivan Vander Kolk, vice-president of defendant bank. Both Robins and Vander Kolk stated that Ismail's financial records were only released after the bank received the July 7, 1983 grand jury subpoena. Ismail responded by stating that the bank cooperated with the DEA prior to issuance of the subpoena. Ismail does not, however, support his allegation by any documentary evidence. We therefore conclude that Ismail did not sustain his burden of producing evidence of a genuine issue of material fact for trial. See Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986); Davis v. Robbs, 794 F.2d 1129, 1130 (6th Cir.), cert. denied, 479 U.S. 992 (1986).
 
 
 6
 Ismail also argues that the subpoenas issued were unenforceable because they were issued by an assistant United States attorney without judicial approval. This claim is meritless as the subpoenas were issued by the court upon application by a U.S. attorney. Moreover, even if the subpoenas were somehow defective, the bank would still not be civilly liable if there was a good faith reliance on the subpoenas. See 12 U.S.C. Sec. 3417(c). Also, under 12 U.S.C. Sec. 3413(i), a financial institution is not required to notify its customer of the existence of a grand jury subpoena. Finally, the RFPA does not require a representative of the financial institution to personally deliver the subpoenaed records to the grand jury. See United States v. A Residence Located at 218 Third St., 805 F.2d 256, 260-61 (7th Cir.1986).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.