899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred E. HARTER, Plaintiff-Appellant,
v.
William J. HUDSON, Defendant-Appellee.
 No. 89-1782.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1990.
 
 1
 Before KRUPANSKY and MILBURN, Circuit Judges, and WILLIAM K. THOMAS, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Fred E. Harter appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983. He requests the appointment of counsel on appeal. Harter alleged that the defendant violated Michigan statutes and Michigan Department of Corrections policy directives relating to the interview process for parole eligibility. The district court granted the defendant's motion to dismiss for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). Upon consideration, we conclude that the dismissal was proper.
 
 
 4
 First, plaintiff has no inherent constitutional right to an early parole. See Board of Pardons v. Allen, 482 U.S. 369, 373 (1987); Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Further, the state of Michigan has not created a liberty interest in early parole. Michigan state law has not placed substantive limitations on official discretion with particularized standards which mandate a particular result. Cf. Mich.Comp.Laws Secs. 791.233, et seq.; Mich.Admin.Code R. 791.7701 through 791.7760. The state did not severely restrict parole board officials in their use of discretion. See Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904, 1909-10 (1989). Therefore, Harter's claim was properly dismissed because neither the constitution nor the parole statutes create a right to early parole for prisoners.
 
 
 5
 Second, Harter's claim that the defendants failed to follow requisite procedures relating to the interview process for parole eligibility finds no support under the due process clause as Harter has failed to plead and prove the inadequacies of his state remedies to redress the deprivation. See Davis v. Robbs, 794 F.2d 1129, 1131 (6th Cir.), cert. denied, 479 U.S. 992 (1986); Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). The claim merely asserts a due process interest in due process which is not protected under the constitution. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983).
 
 
 6
 Accordingly, the request for counsel is hereby denied and the judgment of dismissal is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation