918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dale DENSMORE, Plaintiff-Appellant,
v.
Dennis DYKE, Henry Grayson, Robert Richards, Defendants-Appellees.
 No. 90-1190.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Dale Densmore, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Densmore sued these state corrections officials in Michigan state court alleging that he was improperly reclassified from medium security to close/maximum security on February 8, 1989, based upon his escape history. Densmore alleged that the defendants could not consider his escape history, which cited three past incidents, because there had never been a finding of misconduct or a criminal conviction for the two most recent incidents. Densmore sued the defendants in their individual and official capacities.
 
 
 3
 The defendants removed the case from state court pursuant to 28 U.S.C. Sec. 1441, and thereafter filed a motion for summary judgment, to which Densmore responded. The court later granted Densmore leave to amend the complaint whereupon he claimed an eighth amendment violation because his reclassification caused him to be transferred to a prison where he had known enemies which resulted in his being stabbed. Ultimately, the district court granted the defendants' motion and dismissed the complaint, finding that Densmore had not been denied due process because he had not yet exhausted the process that was available to him under Michigan state law. The court also found that placement in a more secure facility did not constitute cruel and unusual punishment.
 
 
 4
 On appeal, Densmore reasserts his claims and requests the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's judgment. Densmore has no constitutional right to a particular security classification. See Montayne v. Haymes, 427 U.S. 236, 242 (1976). Nor does Densmore have a state-created liberty interest in his security classification. Although the prison rule uses mandatory language in directing the classification committee to consider all relevant information concerning the prisoner, the rule does not place substantive limitations on official discretion with particularized standards which mandate a particular result if the substantive predicate is met. See Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904, 1910 (1989). Thus, the committee was free to consider plaintiff's escape history when determining his security classification.
 
 
 6
 Finally, defendants were not deliberately indifferent to Densmore's need for safety in their reclassification decision. See McGhee v. Foltz, 852 F.2d 876, 880-81 (6th Cir.1988). It was impossible to determine whether defendants knew they were sending Densmore to a prison where he had enemies because Densmore refused to identify his assailants. Thus, Densmore failed to produce a genuine issue of fact for trial. See Davis v. Robb, 794 F.2d 1129, 1130 (6th Cir.), cert. denied, 479 U.S. 992 (1986).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.