928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy L. SCOTT, Plaintiff-Appellant,
v.
Al C. PARKE, Warden, Lt. Alma Overstreet, Lt. Glenn Bentley,
Lt. David Hazelwood, C/O Chandra Doyle, Richard
Campbell, Defendants-Appellees.
 No. 90-6439.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1991.
 
 W.D.Ky., No. 89-00814; Johnstone C.J.
 W.D.Ky.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Roy L. Scott, a Kentucky prisoner represented by counsel, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 While incarcerated at the Kentucky State Reformatory, Scott was employed at the vocational auto and body shop. He was approached by another inmate Wilbur, concerning an escape plan utilizing a car from the body shop. On the day of the escape, Scott alerted prison authorities of the escape and the plot was foiled. Scott was thereafter charged with attempting escape or escape to include failure to return from furlough, an inchoate C offense. The adjustment committee found Scott guilty of the charge. He was sentenced to 48 days in disciplinary segregation, loss of 90 days good time credits, loss of his prison job and of his meritorious status. In addition, Scott was transferred to another facility and he was ineligible for earning good time credits until the 90 days forfeited had been restored.
 
 
 3
 Seeking monetary and declaratory relief, Scott sued the defendant prison officials in their individual and official capacities alleging that they violated his due process and equal protection rights because the committee's finding of guilt was based upon insufficient evidence. Both parties filed motions for summary judgment. The district court initially denied both motions, finding that whether sufficient evidence existed was a question of fact. The defendants filed a motion to alter or amend the judgment arguing that the district court had not addressed the issue of qualified immunity. The district court later vacated its first order and granted summary judgment for the defendants, finding that there was some evidence to support the committee's decision and that the defendants were entitled to qualified immunity.
 
 
 4
 On appeal, Scott reasserts his claims and has filed a brief. Defendants have notified the court that they will not be filing a brief.
 
 
 5
 Upon review, we affirm in part and vacate and remand in part the district court's judgment. The judgment is affirmed to the extent Scott sought money damages from the defendants. In actuality, the defendants acted in their official capacity because the alleged wrongdoing fell within the apparent or authorized scope of their official duties. Therefore, defendants are clearly not subject to a suit for money damages under Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).
 
 
 6
 The judgment must be vacated however as to Scott's claim for declaratory relief as there does exist a genuine issue of fact as to whether there was sufficient evidence to support the committee's finding of guilt. We have reviewed the committee's findings, and conclude that Scott's guilt was based primarily on his knowledge of the details of the escape plot and on the results of the polygraph examination. Scott admitted that he spoke to Wilbur, but only to discourage him from attempting the escape. Scott cannot be disciplined for simply participating in discussions about an escape. See Freitas v. Auger, 837 F.2d 806, 809 (8th Cir.1988). Moreover, the findings that Scott informed witnesses Westmeyer and Anderson of the escape plot before it occurred, and that Wilbur, a former employee at the auto shop, was familiar with the operations of the shop, simply do not support the conclusion that Scott attempted to escape. Finally, although deception was noted on four of Scott's responses to questions on the polygraph examination, he did answer truthfully when asked whether he planned to escape from the Kentucky State Reformatory. Based upon these findings, we conclude that there was a genuine issue of fact regarding whether Scott attempted to escape that needs to be decided by a fact-finder. See Superintendent v. Hill, 472 U.S. 445, 454-56 (1985); Davis v. Robbs, 794 F.2d 1129, 1130 (6th Cir.), cert. denied, 479 U.S. 992 (1986).
 
 
 7
 Accordingly, the district court's judgment is affirmed in part pursuant to Rule 9(b)(5), and vacated and remanded in part for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.