930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrone WILLIAMS, Plaintiff-Appellant,
v.
Max GORMLEY, Anthony Nardi, Defendants-Appellees.
 No. 90-2368.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1991.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Tyrone Williams, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Williams is an inmate at the Ionia Maximum Correctional Facility. Seeking monetary, declaratory and injunctive relief, Williams sued the defendant correctional officers at the Marquette State Prison in their individual and official capacities alleging that he was subjected to cruel and unusual punishment when defendant Nardi subjected him to an unprovoked assault and battery, and when defendant Gormley stood by and watched Nardi assault him.
 
 
 4
 Defendants filed a motion to dismiss. The magistrate initially recommended that the motion be granted, finding that Williams had not stated an Eighth Amendment claim because to some extent he provoked the attack and because Williams' injuries were minimal. Williams filed objections. The district court disagreed with the magistrate's recommendation, finding that Williams had stated a claim upon which relief could be granted as there was a question of whether Nardi applied force in a good faith effort to restore discipline.
 
 
 5
 Thereafter, the defendants filed a motion for summary judgment outside the time limit imposed by the court's scheduling order. Williams objected to the motion arguing that it should be stricken from the record as untimely filed. The district court permitted the motion to be filed and gave Williams additional time to file a response to the motion. Subsequently, the district court granted summary judgment for the defendants, finding that Williams had failed to demonstrate that Gormley approved or encouraged Nardi's alleged unconstitutional conduct. The court also found that Williams failed to make out an Eighth Amendment claim because defendants submitted unrefuted evidence that Williams was reasonably restrained after initiating an assault. On appeal, Williams reasserts his claims and has filed a motion for the appointment of counsel and for oral argument.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in the court's opinion dated November 21, 1990. Williams has failed to sustain his burden of setting forth specific facts showing that there was a genuine issue of fact for trial. See Davis v. Robbs, 794 F.2d 1129, 1130 (6th Cir.), cert. denied, 479 U.S. 992 (1986).
 
 
 7
 Accordingly, the motion for the appointment of counsel and for oral argument is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.